UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, et al.;<br><br>      Plaintiffs,<br><br>v.<br><br>REVEAL LASERS LLC., et al.;<br><br>      Defendants. | Civil Action No. 22-cv-11176 |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

  Plaintiffs Cynosure, LLC and Lotus Parent, Inc. (collectively "Cynosure") respectfully move this Court for an Emergency Temporary Restraining Order and, thereafter, a Preliminary Injunction Order against Defendants Reveal Lasers LLC and Reveal Lasers Ltd. (together, "Reveal Lasers"), Robert Daley, Christopher Chambers, Brogan Bair-Chambers, Cody Murrell, Joshua Smith, Kyle Shapero, Jason Kalso, Michael Russo, David Krueger, Daniel DeMarco, Robert Fiacco, and Dean Fiacco (all individual Defendants are referred to collectively as the "Former Employees") pursuant to Rule 65 of the Federal Rules of Civil Procedure.  With this motion, Cynosure seeks to preserve the status quo and protect its contractual, statutory, and common law rights.  The grounds for this motion are detailed in Cynosure's Complaint and the declarations and memorandum of law submitted in support of this motion.  As the evidence establishes, Cynosure is entitled to the equitable relief it seeks because:

  1.  Reveal Lasers has misappropriated Cynosure's trade secrets in violation of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Massachusetts Uniform Trade

Secrets Act, M.G.L. c. 93 §§42-42G, tortiously interfered with Cynosure's contracts, and violated M.G.L. c. 93A.

2. The Former Employees have misappropriated Cynosure's trade secrets in violation of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Massachusetts Uniform Trade Secrets Act, M.G.L. c. 93 §§42-42G, breached their duties of loyalty to Cynosure, breached their various contractual agreements with Cynosure by violating the non-competition, non-solicitation, and/or the confidential information provisions therein, and/or breached the covenant of good faith and fair dealing.

3. Absent equitable relief, there is a substantial likelihood that Reveal Lasers and the Former Employees will persist in their illegal course of conduct.

4. Cynosure has already suffered irreparable harm and, absent equitable relief, Cynosure will continue to be irreparably harmed by (i) the loss of its trade secret and confidential information; (ii) the damage to its North American sales organization, and (iii) the damage to its relationships with customers and goodwill.

5. Cynosure has no adequate remedy at law and is likely to succeed on the merits.

6. Cynosure will suffer greater hardship if the requested equitable relief is not issued than Defendants will experience if the Court provides the relief that Cynosure seeks.

7. The public interest mandates the equitable relief requested.

**WHEREFORE**, Cynosure respectfully request that this Court grant a Temporary Restraining Order and, thereafter, a Preliminary Injunction Order in the form set forth in the proposed Orders submitted herewith.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Cynosure requests that the Court schedule a prompt hearing on this Emergency Motion, with that hearing to take place between July 22, 2022 and July 29, 2022, or as soon thereafter as the Court's schedule permits.

Dated: July 20, 2022

Respectfully submitted,

CYNOSURE, LLC
LOTUS PARENT, INC.

By their attorneys,

*/s/ Michael J. Pineault*
Michael Pineault (BBO No. 555314)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
mpineault@andersonkreiger.com
T: +1 617.621.6578
F: +1 617.621.6619

Dipanwita Deb Amar
Joseph Farris
Matthew Diton
ARNOLD & PORTER KAYE SCHOLER LLP
3 Embarcadero Center, 10th Floor
San Francisco, California 94111
dipanwita.amar@arnoldporter.com
joseph.farris@arnoldporter.com
matthew.diton@arnoldporter.com
T: +1 415.471.3100
F: +1 415.471.3400

*Admissions for Pro Hac Vice Forthcoming*

## CERTIFICATE REGARDING LOCAL RULE 7.1

No counsel for Defendants has made an appearance in the above-captioned case as of the date of this filing. Accordingly, undersigned counsel has not been able to meet and confer pursuant to Local Rule 7.1.

*/s/ Michael J. Pineault*
Michael J. Pineault

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2022, a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court. A copy will be served upon all named Defendants simultaneously with service of the Summons, Complaint and other pleadings filed today in this matter.

*/s/ Michael J. Pineault*
Michael J. Pineault