UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, et al.;<br><br>                Plaintiffs,<br><br>v.<br><br>REVEAL LASERS LLC., et al.;<br><br>                Defendants. | Civil Action No. 22-cv-11176 |

### [PROPOSED] TEMPORARY RESTRAINING ORDER

Upon Plaintiffs Cynosure, LLC and Lotus Parent, Inc.'s (collectively "Cynosure") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, and upon consideration of the Complaint, Declarations, and supporting Memorandum of Law presented to this Court, the Court hereby enters the following Order:

### Findings

1.  All conditions precedent to the entry of this relief having been satisfied, valid grounds for a Temporary Restraining Order have been established.

2.  Cynosure has a reasonable likelihood of success on the merits of its claim that Defendants Reveal Lasers LLC and Reveal Lasers Ltd. (together, "Reveal Lasers") misappropriated Cynosure's trade secrets in violation of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Massachusetts Uniform Trade Secrets Act, M.G.L. c. 93 §§42-42G, tortiously interfered with Cynosure's contractual relations, and violated M.G.L. c. 93A.

3.  Cynosure has a reasonable likelihood of success on the merits of its claim that Defendants Robert Daley, Christopher Chambers, Brogan Bair-Chambers, Joshua Smith, Cory

Murrell, Michael Russo, Kyle Shapero, Jason Kalso, Robert Fiacco, Dean Fiacco, Daniel DeMarco, and David Krueger have misappropriated Cynosure's trade secrets in violation of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Massachusetts Uniform Trade Secrets Act, M.G.L. c. 93 §§42-42G, breached their duties of loyalty to Cynosure, breached their various contractual agreements with Cynosure by violating the non-competition, non-solicitation, and/or the confidential information provisions therein, and/or breached the covenant of good faith and fair dealing.

4.      Absent the relief provided herein, Cynosure will suffer irreparable harm and injury, for which it has no adequate remedy at law.  Upon consideration of these factors, the harm Defendants may suffer if injunctive relief is granted, the public interest and all of the legally required considerations, the Court determines that this Order should be entered, and this equitable relief should be granted.

## Order

1.      Cynosure's motion is GRANTED.

2.      Defendants and their agents, officers, employees and anyone acting on their behalf are hereby enjoined from using or disclosing, for any purpose, any confidential, proprietary, or trade secret information belonging to Cynosure.

3.      Defendants and their agents, officers, employees and anyone acting on their behalf are hereby directed to return to Cynosure, within three days following the date of this Order, any computers or other electronic devices (such as phones, tablets, and external storage devices) and hard copy documents belonging to Cynosure in their possession, custody, or control, without modification or alteration.

4.  To the extent that Defendants and their agents, officers, employees and anyone acting on their behalf have electronic files belonging to Cynosure that are stored on computers or electronic storage devices (such as phones, tablets, and external storage devices) that are not Cynosure property or on cloud storage accounts they are directed to provide, within three days following the date of this Order, all computers, other electronic devices, or access credentials to cloud storage accounts (as well as the passwords, PIN numbers, or other access credentials to each such device or account) containing Cynosure information to a third party forensic examiner of Cynosure's choice.  For any devices or data sources that Defendants contend cannot be provided (such as email servers belonging to Reveal Lasers), Defendants shall specifically identify any such devices or data sources within three days following the date of this Order so that the Parties can agree on a protocol for a third party analysis of those devices or data sources.

5.  Reveal Lasers is hereby directed to provide an accounting for any products, plans, services, contracts, or other customer materials that involve or rely on Cynosure's confidential or trade secret information, and for any business obtained by Reveal Lasers as a consequence of its obtaining any Cynosure confidential or trade secret information.

6.  Defendants and their agents, officers, employees and anyone acting on their behalf are directed to, within three days following the date of this Order, provide access credentials to, and relinquish control over, any social media accounts previously used as Cynosure marketing tools.  This includes, but is not limited to, the Instagram accounts referenced in Cynosure's motion: "@reveal.lasers", "@laseraesthetics_southeast", "@aesthetics_florida_", and "@aestheticsnorthest".  This does not include the individual Defendants' LinkedIn accounts or similar personal social media accounts that have always been specifically associated with their personal identity.

7. Defendants Robert Daley, Christopher Chambers, Brogan Bair-Chambers, Joshua Smith, Cory Murrell, Michael Russo, Kyle Shapero, Jason Kalso, Robert Fiacco, Dean Fiacco, Daniel DeMarco, and David Krueger are required to comply with all their contractual obligations to Cynosure, and are prohibited from using, for their own or anyone else's benefit, or disclosing to anyone, any of Cynosure's trade secrets and confidential information.

8. Defendants Robert Daley, Christopher Chambers, Brogan Bair-Chambers, Joshua Smith, Cory Murrell, Michael Russo, Kyle Shapero, Jason Kalso, Robert Fiacco, Dean Fiacco, and David Krueger are required to comply with the non-competition provisions of their agreements with Cynosure and are prohibited from working for any competitor of Cynosure as defined in the terms of those agreements, including Reveal Lasers.

9. Defendants Robert Daley, Christopher Chambers, Brogan Bair-Chambers, Joshua Smith, Cory Murrell, Michael Russo, Kyle Shapero, Jason Kalso, Robert Fiacco, Dean Fiacco, Daniel DeMarco, and David Krueger are required to comply with the customer non-solicitation provisions of their agreements with Cynosure and are prohibited from soliciting any Cynosure customers or potential customers in violation of those agreements.

10. Defendants Robert Daley, Christopher Chambers, Brogan Bair-Chambers, Joshua Smith, Cory Murrell, Michael Russo, Kyle Shapero, Jason Kalso, Robert Fiacco, Dean Fiacco, Daniel DeMarco, and David Krueger are required to comply with the employee non-solicitation provisions of their agreements with Cynosure and are prohibited from soliciting any current Cynosure employee or contractor to leave Cynosure, including but not limited to leave Cynosure to join Reveal Lasers.

11. Reveal Lasers is enjoined from employing any former Cynosure employees (including but not limited to the Former Employees) in violation of those employees' contractual

obligations to Cynosure and from further interfering with any Cynosure employees' (including but not limited to the Former Employees) contractual obligations to Cynosure.

12. Defendants are ordered to preserve and not delete or modify all evidence relevant to this Action. This includes but is not limited to preservation of communications with each other, other current or former employees of Cynosure, other employees of Reveal Lasers, or customers of Cynosure. This applies to communications sent via any means or medium, including but not limited to email, text, or messaging services such as WhatsApp

13. Cynosure is not required to post a bond or other security as a condition of the present Order.

This Order shall be binding upon the Defendants and all persons and/or entities who act in concert or participate with them who receive actual notice of this Order.

This Order shall be in effect until further notice.

                                        IT IS SO ORDERED.

_____
United States District Judge

_____
Dated