UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, a Delaware limited liability company; and LOTUS PARENT, INC., a Delaware corporation;<br><br>      *Plaintiffs*,<br><br>v.<br><br>REVEAL LASERS LLC, *et al*.<br><br>      *Defendants*. | Civil Action No. 22-CV-11176-PBS |

**FAC DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO DISMISS UNDER RULE 12(b)(6)</u>**

Defendants Victoria Bailey, Anna Bergslien, Matt Calabrese, Cameron Colby, Nate Dahlstrom, Kalee Gibbons, Tara Kosofsky, Matt Malone, Jesse Morgan, Savannah Padron, Mary Kathleen Phillips, Mark Sargent, Robert Smith, Jason Steinhorn, Kristopher Stennick, and Chase Tolusic (together, the "FAC Defendants")[1] respectfully move to dismiss the First Amended Complaint (Dkt. No. 63, hereinafter the "FAC") for failure to state a claim on each and every count alleged.

The FAC is a textbook example of "sue first, ask questions later." Relying heavily on improper group pleading, Plaintiffs attempt to distract from the fatal paucity of allegations against the FAC Defendants by painting them with the same brush as the Original Defendants,

---

[1] These individuals were made part of this case via Plaintiffs' First Amended Complaint, Dkt. No. 63, and, accordingly are referred to as the "FAC Defendants" for that reason and to distinguish them from the original group of defendants. Plaintiffs incorrectly identified certain of the FAC Defendants' names in the case caption and the First Amended Complaint, but they are referred to correctly herein. It also appears that service of the FAC may have been improper for certain of the FAC Defendants. However, in the interests of judicial economy, the FAC Defendants do not argue for dismissal based on misnomer or improper service here.

alleging eleven generalized causes of action, all based on the mere fact of the FAC Defendants' employment with Reveal Lasers LLC ("Reveal Lasers"). Incredibly, ***14 of the 16 FAC Defendants appear for only three issues in the FAC*** – once in the statement of parties, once in the section identifying the FAC Defendants' new roles at Reveal Lasers, and once identifying the contract (but not always accurately) that the FAC Defendants signed with Plaintiffs Cynosure, LLC, its predecessors, and/or its parent, Lotus Parent, Inc. (collectively, "Cynosure").[2] What is each FAC Defendant actually accused of doing? The FAC does not say. Put simply, the FAC provides insufficient facts to put the FAC Defendants on notice of what they are accused to have done, and it fails to state a claim on every count.

Accordingly, the FAC Defendants respectfully request that the Court dismiss the FAC in full.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Cynosure is a Massachusetts-based manufacturer of general medical, and aesthetic treatment devices. FAC, ¶¶ 7, 43. Defendant Reveal Lasers LLC is a North American affiliate of Israeli-based Reveal Lasers Ltd., a startup focused on aesthetics laser devices. *See id.*, ¶¶ 1, 10, 85. The FAC Defendants are 16 individuals who were formerly employed at Cynosure, and who are now at Reveal Lasers. *See id.*, ¶¶ 23-38. Out of the 16, 15 are salespeople, and one is an event planner. *See id.*

For purposes of the instant motion, the following events are of procedural relevance:

- Plaintiffs commenced this litigation against the Original Defendants on July 20, 2022.

---

[2] Plaintiffs paid FAC Defendants Steinhorn and Sargent slightly more particularized attention, which, as discussed *infra* at 9-10, is still entirely insufficient.

- Plaintiffs subsequently filed the FAC, adding the FAC Defendants to this matter, on August 19, 2022.
- Two months later, on October 21, 2022, Plaintiffs filed their Motion for Entry of Temporary Restraining Order and Preliminary Injunction as to Individual Defendants Added in the First Amended Complaint (Dkt. No. 143), which is set for hearing, along with certain other motions, on January 23, 2022 (Dkt. No. 172).

**ARGUMENT**

**I. STANDARD OF REVIEW FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arco Ingenieros, S.A. de C.V. v. CDM Int'l Inc.*, 368 F. Supp. 3d 256, 260 (D. Mass. 2019) (granting motion to dismiss breach of contract claim), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*; see also Bos. Exec. Helicopters, LLC v. Maguire*, 196 F. Supp. 3d 134, 142 (D. Mass. 2016) (dismissing a third-party beneficiary claim where the complaint contained only a "bald and unsupported assertion" that the plaintiff was a third-party beneficiary of the contract). Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir. 2008), *quoting Centro Medico del Turabo, Inc., v. Feliciano de Melecio,* 406 F.3d 1, 6 (1st Cir. 2005) (internal quotation marks omitted); *see also Saint-Gobain Ceramics & Plastics, Inc. v. Wang*, No. CIV. A. 07-40129-FDS, 2008 WL 2756873, at *4 (D. Mass. June 27,

2008) (granting motion to dismiss, noting that the existence of a cause of action "does not save [a] complaint from dismissal for failure to state a claim").

This Court adheres to a two-step inquiry to determine whether a claim survives Rule 12(b)(6). First, the Court must "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *DiCroce v. McNeil Nutritionals, LLC*, Civ. No. 21-11660-PBS, 2022 WL 16847696, at *2 (D. Mass. Nov. 10, 2022) (citations and quotations omitted) (granting motion to dismiss under Rule 12(b)(6)); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). Second, the Court must determine whether the factual allegations permit it "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.*, quoting *Ashcroft*, 556 U.S. at 678; *DiCroce*, No. CV 21-11660-PBS, 2022 WL 16847696, at *2.

Finally, plaintiffs who attempt group pleading, and who fail to identify facts linking each defendant to the grounds upon which he or she is allegedly liable, find their complaints dismissed under Rule 12(b)(6). Indeed, an adequate "complaint must allege facts linking each defendant to the grounds on which that particular defendant is potentially liable." *Redondo Waste Sys., Inc. v. Lopez-Freytes*, 659 F.3d 136, 140 (1st Cir. 2011) (affirming grant of dismissal where a complaint "spectacularly" failed the plausibility test because no defendant was specifically linked to any actionable conduct); *see Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 594 (1st Cir. 2011) (affirming dismissal of complaint where plaintiff did not link any named defendants to specific conduct).

## II. GROUP ALLEGATIONS AGAINST INDIVIDUAL DEFENDANTS ARE IMPERMISSIBLE AND DO NOT PROVIDE SUFFICIENT BASIS TO WITHSTAND A MOTION TO DISMISS.

In the FAC, Plaintiffs have brought blanket claims against the FAC Defendants without stating with the slightest particularity how each FAC Defendant fits into the action, let alone how each FAC Defendant is alleged to have performed the acts necessary to state a claim for each count of the FAC. *See Redondo Waste Sys.*, 659 F.3d at 140 (affirming dismissal of claims because the complaint failed to allege facts "linking each defendant to the grounds on which that particular defendant is potentially liable"). No set of allegations specific to any FAC Defendant comes anywhere near to stating a valid claim. *See id*. While each of the counts also fails for substantive reasons, as described *infra*, the overarching failure to provide facts specific to each FAC Defendant provides, on its own, a sufficient and independent basis for dismissal.

The binding precedent in this Circuit is clear that such "group pleading" cannot survive a motion to dismiss. For example, in *Sanchez v. Pereira-Castillo*, the First Circuit affirmed the dismissal of certain claims for certain individual defendants, reasoning that the Rule 12(b)(6) analysis required a determination whether "*as to each defendant*, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." 590 F.3d 31, 48 (1st Cir. 2009) (emphasis in original). Plaintiffs cannot simply avoid the requirement via group pleading that "the complaint must allege a plausible claim against each defendant." *Whitman & Co. v. Longview Partners (Guernsey) Ltd.*, No. 14-CV-12047-ADB, 2015 WL 4467064, at *10 (D. Mass. July 20, 2015); *see also Bagheri v. Galligan*, 160 Fed. App'x. 4, 5 (1st Cir. 2005) (unpublished) (dismissal affirmed because complaint "failed to state clearly which defendant or defendants committed each of the alleged wrongful acts"); *Atuahene v. City of Hartford*, 10 Fed.

App'x 33, 34 (2d Cir. 2001) (affirming dismissal and holding that "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy this minimum [pleading] standard . . . ."); *La Casse v. Aurora Loan Servs., LLC*, No. 15-11672-MGM, 2016 WL 4535338, at *8 (D. Mass. Aug. 30, 2016) (dismissing claim asserted collectively for failure to comply with Rule 8). Where, as here, a complaint "names multiple defendants," it "must provide a plausible factual basis ***to distinguish the conduct of each of the defendants***." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) (emphasis added), *aff'd*, 530 F. App'x 19 (2d Cir. 2013). The FAC fails that standard.

A simple reading of the FAC is all that is needed to establish Plaintiffs' use of this improper pleading tactic, which is fatal to their claims. By way of example, Plaintiffs recognize that the agreements at the crux of their claims "are designed to ensure that . . . *particularly those at senior levels in the company and entrusted with the most significant confidential* information" do not use that information in an improper manner. FAC, ¶ 66 (emphasis added). And yet, Plaintiffs include the FAC Defendants – a group of 16 at-will employees – in their overreaching allegations; the same exact allegations also lodged against Reveal Lasers itself, its CEO for its U.S. operations, its Chief Commercial Officer, and several Vice Presidents. *Id.,* ¶¶ 11-18, 167. The counts of the FAC do not distinguish the alleged actions of these corporate and senior individuals in any way from the alleged actions of the FAC Defendants, further demonstrating the insufficiency of the claims. *See, e.g.*, *In re Ames*, 993 F.3d 27, 36 (1st Cir. 2021) ("In terms of Rule 11, a pleader owes an independent responsibility to each defendant whom he chooses to sue. That a claim may be actionable as to one defendant does not excuse bringing that claim against another defendant as to whom the claim is obviously baseless."). Given the wide

6

disparity across the FAC Defendants' job duties, responsibilities, and length of employment with Cynosure, as well as the additional time that Plaintiffs had in preparing the FAC, one would expect Plaintiffs to have been more thorough in pleading its eleven causes of action against the FAC Defendants.[3] As this Court stated in *La Casse*, "by asserting [the] claim[s] collectively against all [FAC] Defendants, when it cannot be reasonably inferred that all [FAC] Defendants were involved, the [FAC] does not comply with Rule 8 of the Federal Rules of Civil Procedure." *La Casse*, 2016 WL 4535338, at *8. For this reason alone, Plaintiffs' group allegations against the FAC Defendants fail to state a claim.

    **A.**    **Counts 1 and 2 of the FAC (Defend Trade Secrets Act and Massachusetts Trade Secrets Statute) Fail to State A Claim.**

Plaintiffs fail to state a claim on Counts 1 and 2 of the FAC, which allege violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 (the "DTSA"), and the Massachusetts Trade Secrets Act, G.L. c. 93, §§ 42, *et seq.*, against all Defendants, including the FAC Defendants. FAC, ¶¶ 134-49. "To prevail on a misappropriation of trade secrets claim, a plaintiff must show 1) the existence of a trade secret, 2) reasonable steps to preserve secrecy and 3) use of improper means in breach of a confidential relationship to acquire and use the secret." *FranCounsel Grp., LLC v. Dessange Int'l SA*, 980 F. Supp. 2d 1, 6 (D. Mass. 2013) (granting motion to dismiss trade secret misappropriation claim), citing *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1165 (1st Cir. 1994). This Court has dismissed trade secret claims at the pleading stage when plaintiffs have failed to show "reasonable steps to preserve secrecy," (*FranCounsel Grp.*, 980 F. Supp. 2d at 6), failed to show ownership of the alleged trade secret (*Focused*

---

[3] The FAC is riddled with factual errors far beyond misnaming some of its former employees. FAC Defendants reserve the right to correct the many inaccuracies at a later time, if they ultimately remain in the case.

7

*Impressions, Inc. v. Sourcing Grp., LLC*, No. 19-CV-11307-ADB, 2020 WL 1892062, at *5 (D. Mass. Apr. 16, 2020)), and failed to show that the alleged trade secret was, in fact, secret (*Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d 95, 101 (D. Mass. 1999)).

Plaintiffs allege that <u>all</u> of the FAC Defendants had access to the following alleged trade secrets: sales lead information, customer profile information, pricing and pricing packages for customers, marketing processes, strategic information, compilations of information about Cynosure's competitors, and "information about employees, incentives and compensation," all of which Plaintiffs allege is confidential. *See* FAC, ¶ 58. Plaintiffs also allege that they took sufficient steps to maintain the confidentiality of this information. *See id.*, ¶¶ 67-74. Accepting these allegations as true, meager though they might be, Plaintiffs nonetheless fail to plead the third essential element of a trade secret misappropriation claim, which is "use of improper means in breach of a confidential relationship to acquire and use the secret." For FAC Defendants Bailey, Bergslien, Calabrese, Colby, Dahlstrom, Gibbons, Kosofsky, Malone, Morgan, Padron, Phillips, Robert Smith, Stennick, and Tolusic, there are no allegations *whatsoever* in the FAC that they used improper means to acquire or use any of Plaintiffs' alleged trade secrets. Indeed, as explained above, there are no allegations in the FAC that these individuals did anything other than leave Cynosure's employment and accept employment with Reveal. *See supra* at 2. The FAC therefore constitutes "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Sanchez*, 590 F.3d at 49, *quoting Iqbal*, 556 U.S. at 679. As the First Circuit held in *Sanchez*, "[t]his is precisely the type of 'the-defendant-unlawfully-harmed-me' allegation that the Supreme Court has determined should not be given credence when standing alone." 590 F.3d at 49, *quoting Iqbal*, 556 U.S. at 678 (affirming dismissal of

claims against group of defendants when plaintiff had not alleged facts sufficient to state a claim as to each defendant).

As for FAC Defendants Sargent and Steinhorn, Plaintiffs have alleged that they "attempted to divert at least one sales lead to Reveal Lasers when still employed with Cynosure," and "made an office visit to solicit one of his former Cynosure leads," respectively. *See* FAC, ¶¶ 128-29. Accepting these allegations as true (despite the complete lack of detail for either), Plaintiffs have still not stated a claim for trade secret misappropriation, because they have presented no evidence that either FAC Defendant Sargent or Steinhorn used any protectable trade secrets (or even any other confidential information) in performing these acts. Publicly available information indicates that Cynosure's customers are no secret. To the contrary, Cynosure has a provider locator on its website that allows any person on the internet to look up offices who have a Cynosure device:



Cynosure, "Find a provider," available at https://www.cynosure.com/for-patients/find-a-provider/ (last accessed Nov. 29, 2022). Anyone with an internet connection could find the same information allegedly used by FAC Defendants Sargent and Steinhorn, which therefore cannot be considered a trade secret. *See, e.g.*, *Sutra, Inc. v. Iceland Exp., EHF*, No. CIV.A. 04-11360-DPW, 2008 WL 2705580, at *3 (D. Mass. July 10, 2008), *quoting IDX Sys. Corp. v. Epic Sys.*

*Corp.*, 285 F.3d 581, 584 (7th Cir. 2002) (granting summary judgment on misappropriation of trade secret claim and holding "[a] trade secret is by definition only information that is secret or unknown to the trade, since a trade secret claim 'based on readily observable material is a bust.'"). Because Plaintiffs have not given the Court anything beyond conclusory legal allegations (*see, e.g.*, *DiCroce*, 2022 WL 16847696, at *2), the FAC Defendants respectfully submit that Counts 1 and 2 of the FAC should be dismissed for failure to state a claim.

### B. Count 3 of the FAC (Breach of Contract) Fails to State A Claim.

Plaintiffs fail to state a claim on Count 3 of the FAC, which alleges breach of contract against all Former Employees, including the FAC Defendants. *See* FAC, ¶¶ 150-51. "To prevail on a claim for breach of contract, a plaintiff must demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result." *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 690, 46 N.E.3d 24, 39 (2016) (vacating breach of contract judgment). Plaintiffs plead no facts in support of breach of contract for each individual FAC Defendant beyond (1) an agreement with Cynosure, and (2) their employment with Reveal. *See* FAC, ¶¶ 153, 157. Plaintiffs do not distinguish among the individual FAC Defendants in any way to allege how they allegedly breached their contracts. *Id.,* ¶ 157 ("The Former Employees breached their contractual obligations to Cynosure under the respective agreements by, among other conduct . . . ."). To make matters worse, Plaintiffs actually plead "and/or" for the activities allegedly constituting breach of contract, rendering any attribution of specific alleged acts to any individual FAC Defendant completely impossible. *Id.* The FAC Defendants are devoid of the notice to which they are entitled under Federal Rule 8. Plaintiffs' count for breach of contract is,

10

therefore, insufficient to state a claim for relief. *See, e.g.*, *Integrated Micro-Chip Elecs. Mexico v. Lantek Corp.*, No. CV 18-14112-SDW-LDW, 2019 WL 4668036, at *2 (D.N.J. Sept. 24, 2019) (dismissing breach of contract claim due to group pleading, holding "[i]t is well-established that even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.") (internal citation and quotation marks omitted).

To demonstrate the gravity of Plaintiffs' pleading deficiency, and in one of many examples of the Plaintiffs' careless approach to the FAC, FAC Defendant Robert Smith **does not even have a signed CEIP Agreement** containing a noncompete restriction with Cynosure, which is the entire basis of Plaintiffs' breach of contract claim against him. *See* FAC, ¶ 153; Exhibit A.[4] Without an enforceable contract, there can be no breach as a matter of law. *See, e.g.*, *Bulwer*, 473 Mass. at 690.

The FAC Defendants, therefore, respectfully submit that Count 3 of the FAC should be dismissed for failure to state a claim.

### C. Counts 4, 5, and 6 of the FAC (Breach of Duty of Loyalty, Breach of Fiduciary Duty, and Aiding and Abetting Same) Fail to State A Claim.

Plaintiffs fail to state a claim on Counts 4, 5, and 6 of the FAC, which allege breach of duty of loyalty, breach of fiduciary duty, and aiding and abetting same, against all Former Employees, including the FAC Defendants. *See* FAC, ¶¶ 159-65. Again, Plaintiffs plead no specific facts for any of the FAC Defendants, save Steinhorn and Sargent, beyond their

---

[4] For Rule 12(b)(6) motions, courts may consider documents that are not disputed, official public records, documents central to a plaintiff's claim, and documents sufficiently referenced in the complaint without converting the motion into one for summary judgment. *See, e.g., Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993). In this case, the underlying restrictive covenants agreements are undeniably central to Plaintiffs' claims, as well as sufficiently referenced in the FAC, and may be considered by this Court without converting the instant Rule 12(b)(6) motion into a Rule 56 motion.

employment with Reveal for any count, including Counts 4, 5, and 6. This failure alone is sufficient to dismiss the claim. *See, e.g., Ocasio-Hernandez*, 640 F.3d at 12 (a court should identify and disregard statements in the complaint that are "legal conclusion[s] couched as . . . fact [ ]" or "[t]hreadbare recitals of the elements of cause of action.") (internal citations and quotation omitted).

In addition to Plaintiffs' conclusory legal allegations, which are insufficient under Rule 12(b)(6), Plaintiffs' claim for breach of duty of loyalty also fails as a matter of law because under Massachusetts law, at-will employees owe "no particular duty of loyalty" to their employers. *See Head Over Heels Gymnastics, Inc. v. Ware*, 87 Mass. App. Ct. 1128, 31 N.E.3d 1193 (2015) (unpublished) (affirming summary judgment dismissing claim for breach of duty of loyalty). Indeed, when presented with this precise question, this Court held that it "found no instance where a duty of loyalty was imposed under Massachusetts law on 'rank-and-file' employees." *TalentBurst, Inc. v. Collabera, Inc.*, 567 F. Supp. 2d 261, 266 (D. Mass. 2008) (granting motion to dismiss breach of fiduciary duty); *see also Head Over Heels Gymnastics, Inc.*, 87 Mass. App. Ct. 1128, 31 N.E.3d 1193 (2015) (unpublished) (affirming summary judgment dismissing claim for breach of duty of loyalty); *MAP Installed Bldg. Prods. of Seekonk, LLC v. Ivie*, No. 1884CV1807BLS1, 2020 WL 2737234, at *5 (Mass. Super. Apr. 17, 2020) (managerial job duties were insufficient to show that defendant held a position of trust and confidence at former employer, and at-will status meant that defendant "did not owe [former employer a] fiduciary duty"). As in *TalentBurst*, Plaintiffs make no factual allegations in the FAC that would allow the Court to conclude that any of the FAC Defendants owed a duty of loyalty or other fiduciary duties to Cynosure. *See TalentBurst*, 567 F. Supp. 2d at 266 ("although TalentBurst suggests that the employee/employer relationships always, by definition, gives rise to the fiduciary duty of

loyalty, this is not the case."). And, as in *TalentBurst*, because there is no "predicate act of breach of fiduciary duty . . . the claim . . . for 'aiding and abetting' a breach of fiduciary duty must fail." *Id.* at 267. The FAC Defendants, therefore, respectfully submit that Counts 4, 5, and 6 of the FAC should be dismissed for failure to state a claim.

### D. Count 7 of the FAC (Conspiracy) Fails to State A Claim.

Plaintiffs fail to state a claim on Count 7 of the FAC, which alleges conspiracy against all defendants, including the FAC Defendants. *See* FAC, ¶¶ 178-82. "Massachusetts recognizes two types of civil conspiracy, so-called 'true conspiracy' and conspiracy based on section 876 of the Restatement (Second) of Torts." *Blake v. Prof'l Coin Grading Serv.*, 898 F. Supp. 2d 365, 391 (D. Mass. 2012) (granting motion to dismiss claim for civil conspiracy), *quoting Taylor v. Am. Chemistry Council*, 576 F.3d 16, 34 (1st Cir. 2009). "The 'true conspiracy' is a very limited cause of action that requires an element of coercion." *Id.* Because Plaintiffs allege no coercion (*see* FAC, ¶¶ 178-82), Plaintiffs' conspiracy claim must rely on section 876 of the Restatement (Second) of Torts, which is "a form of vicarious liability that requires an underlying tort." *Id.* at 391-92. "Under this theory, "[t]o prove a civil conspiracy claim, 'the [plaintiff] must show an underlying tortious act in which two or more persons acted in concert and in furtherance of a common design or agreement.'" *Id.* at 392. Plaintiffs plead absolutely no facts for the individual FAC Defendants showing that two or more of the FAC Defendants "acted in concert and in furtherance of a common design or agreement." *Id.* The allegations contained in the five paragraphs comprising Count 7 are nothing more than "conclusory legal allegations (which need not be credited)," and there are no other relevant allegations against the FAC Defendants anywhere else in the FAC. *DiCroce*, 2022 WL 16847696, at *2. Plaintiffs have also failed to state a claim on any of the counts sounding in tort. *See supra* at 11-12; *infra* at 15-17. The FAC

Defendants, therefore, respectfully submit that Count 7 of the FAC should be dismissed for failure to state a claim.

> **E.     Count 8 of the FAC (Breach of the Implied Covenant of Good Faith and Fair Dealing) Fails to State A Claim.**

Plaintiffs fail to state a claim on Count 8 of the FAC, which alleges breach of the implied covenant of good faith and fair dealing against all defendants, including the FAC Defendants. *See* FAC, ¶¶ 183-86. This implied covenant provides that neither party to a contract "shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Suzuki v. Abiomed, Inc.*, 943 F.3d 555, 561 (1st Cir. 2019). As this Court observed in *Christensen*, "[i]t has become common practice by plaintiffs bringing breach of contact claims automatically to pursue claims for breach of the covenant of good faith and fair dealing." *Christensen v. Kingston Sch. Comm.*, 360 F. Supp. 2d 212, 229 (D. Mass. 2005). Plaintiffs have transparently employed this same strategy here. *See id.* ("[o]ften, these claims are frivolous, baseless, and perfunctory").

Claims for breach of the implied covenant of good faith and fair dealing must be distinct from simple breach of contract claims and require additional allegations of having unfairly leveraged the contract terms for undue economic advantage. *Id.* Recovery under the covenant requires "conduct taken in bad faith either to deprive a party of the fruits of labor already substantially earned or unfair leveraging of the contract terms to secure undue economic advantage." *Id.* at 226.

Plaintiffs rely entirely on their contracts with the FAC Defendants as the basis for Count 8. FAC, ¶¶ 183-86. Plaintiffs assert no additional facts that would justify relief under implied covenant of good faith and fair dealing. In fact, Plaintiffs seek relief well beyond any covenant the contracts implied for the FAC Defendants. The FAC Defendants were never in positions to

14

affect business at Cynosure such that Cynosure would not "receive the fruits of the contract." *Suzuki*, 943 F.3d at 561. The FAC Defendants are simply at-will employees looking to earn a living. Their contracts with the Plaintiff are limited to their employment relationship with Cynosure, and absent additional facts of improper motive, their association with Cynosure creates no possibility of taking undue economic advantage, and neither does their departure.

Without asserting independent facts suggesting improper motive in order to state a claim under the implied covenant of good faith and fair dealing, Plaintiffs clearly use this claim as a "frivolous, baseless, and perfunctory" sweeping allegation. *Christensen*, 360 F. Supp. 2d at 229. It is also worth noting that this count consists of three sentences, none of which contains a single allegation of individual acts by any of the 16 FAC Defendants (or anyone else). The FAC Defendants, therefore, respectfully submit that Count 8 of the FAC should be dismissed for failure to state a claim.

    **F.**    **Counts 9 and 10 of the FAC (Tortious Interference with Contractual Relations and Prospective Business Relations) Fail to State A Claim.**

Plaintiffs fail to state a claim on Counts 9 and 10 of the FAC, which allege tortious interference with contractual relations and tortious interference with prospective business relations, respectively, against all Defendants. *See* FAC, ¶¶ 187-91. Under Massachusetts law, a plaintiff claiming tortious interference must establish that "1) he had a contract with a third party, 2) the defendant knowingly induced the third party to break that contract, 3) the defendant's interference, in addition to being intentional, was improper in motive or means and 4) the plaintiff was harmed by the defendant's actions." *FranCounsel Grp., LLC*, 980 F. Supp. 2d at 7 (*quoting Psy–Ed Corp. v. Klein*, 459 Mass. 697, 947 N.E.2d 520, 536 (2011) (dismissing tortious interference with contract claim for failure to state a claim)).

15

A claim for intentional interference with prospective business relations requires that "(1) a business relationship or contemplated contract of economic benefit; (2) the defendant's knowledge of such relationship; (3) the defendant's intentional and malicious interference with it; (4) the plaintiff's loss of advantage directly resulting from the defendant's conduct." *Edsall v. Assumption Coll.*, 367 F. Supp. 2d 72, 82 (D. Mass. 2005). The claim also requires "that defendant had an improper motive or used improper means." *See id* (internal citations omitted).

Once again, there is nothing more to support either of these counts than a parroting of the standard for each cause of action. Neither count contains any facts to support the Plaintiffs' claims, let alone any specific facts for the FAC Defendants individually, including facts that would establish the requisite improper motive or means. And even if the factual allegations against FAC Defendants Sargent and Steinhorn asserted earlier in the FAC are taken as true, *see* FAC, ¶¶ 128-29, neither is sufficient to state a claim because the Court is not required to accept as true Plaintiffs' *interpretations* of the facts alleged. Merely advising a customer, with whom Plaintiffs' contractual or prospective relationship is unclear, to wait for a month to make a purchase, does not rise to inducing such customer to break a contract, or interfering with that customer's ultimate decision to engage in business. Likewise, visiting an office of a former Cynosure *lead*, with whom Plaintiffs have no contractual relationship, fails to meet the first element required under the tortious interference count. Plaintiffs make no allegations that these acts were accompanied with the intention of interfering with Plaintiffs' business, or malice, as required to state a claim for interference with prospective business relations. *See Edsall*, 367 F. Supp. 2d at 82. Moreover, Plaintiffs provide no factual basis alleging damages caused by the alleged conduct of FAC Defendants Sargent or Steinhorn, whether in relation to former customers or prospective leads. *See FranCounsel Grp.,* 980 F. Supp. 2d at 7, quoting *Med. Air*

16

*Tech. Corp. v. Marwan Inv., Inc.,* 303 F.3d 11, 22 (1st Cir. 2002) ("Without causation, there can be no claim for tortious interference . . . ."). And for the other FAC Defendants, there are no facts alleged to even argue about – Plaintiffs merely parrot the standard. *See* FAC, ¶¶ 187-91.

Plaintiffs' sweeping and conclusory allegations are, again, insufficient.[5] The FAC Defendants, therefore, respectfully submit that Counts 9 and 10 of the FAC should be dismissed for failure to state a claim.

### G. Count 11 of the FAC (Violation of G.L. c. 93A) Fails to State A Claim.

Plaintiffs fail to state a claim on Count 11 of the FAC, which alleges a violation of G.L. c. 93A, against all Defendants. *See* FAC, ¶¶ 201-05. In addition to the lack of facts pled in support of this count (which is reason enough alone to dismiss the claim), it cannot survive a motion to dismiss because <u>none</u> of the alleged conduct by the FAC Defendants is alleged to have occurred in Massachusetts. "Under Chapter 93A, recovery for unfair or deceptive business acts or practices is limited to those claims in which 'the unfair or deceptive act or practice occurred primarily and substantially within the Commonwealth.'" *Neelon v. Krueger*, No. 12-CV-11198-IT, 2015 WL 4576825, at *9 (D. Mass. July 30, 2015) (dismissing Chapter 93A claim because acts did not occur in Massachusetts), *quoting* G.L. c. 93A, § 11. "The Supreme Judicial Court applies a 'center of gravity' analysis, in which the court considers all factors and circumstances giving rise to the unfair business acts or practices claim in light of the 'purpose and scope' of Chapter 93A." *Id.*, *quoting Kuwaiti Danish Comput. Co. v. Dig. Equip. Corp.*, 781 N.E.2d 787, 799 (Mass. 2003). Even where Defendants have intended harm from their acts to be felt in

---

[5] Likewise, Plaintiffs have not alleged any facts against the FAC Defendants that demonstrate "oppressive, malicious, and fraudulent" conduct that subjected Plaintiffs to "cruel and unjust hardship," such that punitive damages from the FAC Defendants are merited for either count. *See id.* at ¶ 200.

17

Massachusetts, this Court has held that it is insufficient to render Massachusetts the "center of gravity" when the "alleged intent to harm was not primarily focused on Massachusetts." *See Neelon*, 2015 WL 4576825, at *10, *citing Uncle Henry's Inc. v. Plaut Consulting Co.*, 399 F.3d 33, 45 (1st Cir. 2005) ("[I]f the significant contacts of the competing jurisdictions are approximately in the balance, the conduct in question cannot be said to have occurred primarily and substantially in Massachusetts.").

Here, the alleged unfair business practice by each of the FAC Defendants occurred in the territories where they worked, none of which (as admitted by Plaintiffs in the FAC) included Massachusetts. Instead, the FAC Defendants were dispersed around the country, making sales in their respective territories, all of which *excluded* Massachusetts. *See also Fishman Transducers, Inc. v. Paul*, 684 F.3d 187, 197 (1st Cir. 2012) (affirming dismissal of Chapter 93A claim, and holding, "[w]here wrongdoing is not focused on Massachusetts but has relevant and substantial impact across the country, the 'primarily' requirement of section 11 cannot be satisfied."). The consistent precedent of this Court and of the Supreme Judicial Court is clear: the alleged acts did not "primarily and substantially" take place within Massachusetts; therefore, Plaintiffs cannot state a claim as a matter of law.

Even if the Court determines that Massachusetts is the "center of gravity" for each of the FAC Defendants, Plaintiffs' count for violations of G.L. c. 93A fails because the Supreme Judicial Court of Massachusetts has unambiguously stated that "purely intra-enterprise disputes fall outside the reach [of the statute]," and "does not apply to employer-employee disputes arising out of the employment relationship." *Governo Law Firm LLC v. Bergeron*, 487 Mass. 188, 194-96 (2021) (collecting cases). Here, Plaintiffs have failed to state a claim for any acts following the FAC Defendants' employment with Cynosure that could have been the basis for a

18

G.L. c. 93A action. *See id.* (clarifying that trade secret misappropriation by a former employee who uses that information in the marketplace could give rise to an M.G.L. 93A claim). The FAC Defendants, therefore, respectfully submit that Count 11 of the FAC should be dismissed.

**CONCLUSION**

**ALL CLAIMS AGAINST THE FAC DEFENDANTS
FAIL AND SHOULD BE DISMISSED**

Despite waiting a full month after filing the Original Complaint, which provided Plaintiffs with ample time to correct mistakes and evaluate the propriety of their claims against each of the FAC Defendants, the FAC does not begin to approach a level of specificity as to the FAC Defendants that would permit Plaintiffs claim to survive Rule 12(b)(6) scrutiny. No facts have been alleged against any of the FAC Defendants sufficient to put them on notice of what they are accused of having done. And none of the counts of the FAC state a claim against any of the FAC Defendants. Plaintiffs invite the Court to gloss over the deficiencies in the FAC and use little more than "guilt by association" to keep the FAC Defendants in the case. The FAC Defendants respectfully submit that the Court should decline this invitation and dismiss the FAC, in full, for the reasons set forth above.

Respectfully submitted,

VICTORIA BAILEY, ANNA BERGSLIEN, MATT CALABRESE, CAMERON COLBY, NATE DAHLSTROM, KALEE GIBBONS, TARA KOSOFSKY, MATT MALONE, JESSE MORGAN, SAVANNAH PADRON, KATHLEEN MARY PHILLIPS, MARK SARGENT, ROBERT SMITH, JASON STEINHORN, KRISTOPHER STENNICK, AND CHASE TOLUSIC

By their attorneys,

*/s/Russell Beck*
Russell Beck, BBO No. 561031
*rbeck@beckreed.com*
Nicole Corvini, BBO No. 670587
*ndaly@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665

## **CERTIFICATE OF SERVICE**

I, Russell Beck, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on December 5, 2022.

*/s/Russell Beck*
Russell Beck