# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, et al.;<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>REVEAL LASERS LLC., et al.;<br><br>　　　　　　　　Defendants. | Civil Action No. 1:22-CV-11176-PBS<br><br>REDACTED COPY |

## **PLAINTIFFS' CONFIDENTIAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs Cynosure, LLC and Lotus Parent, Inc. (collectively, "Cynosure") hereby provide these confidential initial disclosures to Defendants in connection with the above-captioned case.[1]

Cynosure makes these disclosures based upon presently available information. Cynosure, recognizing that its investigation is ongoing, reserves the right to supplement, amend, or modify these disclosures pursuant to Federal Rule of Civil Procedure 26(e) as it obtains information through discovery or otherwise becomes aware of additional information.

The information herein is provided without any admission of the relevance or admissibility of particular information for any specific purpose. Cynosure makes these disclosures without waiving any objections, defenses or applicable privileges. Cynosure also does not waive its right to object to the production of any disclosed document on the basis of privilege, relevance, proportionality, undue burden, or any other valid objection. By making these disclosures, Cynosure does not represent that it has identified every witness, document, or tangible thing that

---

[1] Cynosure hereby designates certain material herein as CONFIDENTIAL under the [Proposed] Stipulated Protective Order as indicated by redactions.

may be used to support its claims or defenses. Rather, these disclosures represent a good-faith effort to provide information at this time.

I.  **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Based upon information reasonably available at this time, Cynosure has identified below the individuals or entities who are likely at the present time to have, or may have knowledge of, discoverable information relevant to this action that Cynosure may use to support its claims or defenses (unless the use would be solely for impeachment). In addition to the individuals and entities named below, Cynosure also identifies: (1) all of the Individual Defendants; (2) all witnesses designated in any of the defendant's Initial Disclosures; (3) any and all persons listed in any deposition, any interrogatory response, any response to a request for production, and/or other discovery response in this action; (4) any witnesses necessary to establish the authenticity or foundation for any Cynosure business records; (5) other witnesses upon reasonable notice to the parties; and (6) any and all witnesses necessary for impeachment and/or rebuttal purposes. Finally, Cynosure reserves the right, pursuant to any current or forthcoming schedule set forth by this Court, to submit opinions from expert witnesses.

By indicating the general subject matter of information the individuals and entities may possess, Cynosure does not make any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of particular information for any purpose, nor does Cynosure waive attorney-client privilege, joint defense privilege, common interest privilege, work-product immunity, or any other privilege or immunity. Cynosure in no way limits its right to obtain discovery from or to call as a witness any individuals or entities listed concerning the listed subjects or other subjects, or to obtain discovery from or call as a witness individuals and/or entities that are not listed.

| **Name** | **Address / Telephone (where known)** | **Subject Matter Knowledge** |
|---|---|---|
| Lowinn Kibbey (Cynosure Chief Commercial Officer) | *Contact through Cynosure's counsel of record* | <ul><li>Cynosure's operations and competitive position in the market.</li><li>Cynosure's North American Sales Team, including roles and responsibilities and the impact of the Reveal Lasers corporate raid.</li><li>Defendants' misappropriation of Cynosure's trade secret and/or confidential information.</li><li>Cynosure's efforts to protect its confidential and trade secret information.</li><li>Cynosure's financial performance and damages.</li><li>Any other topics of information in his Declarations submitted in this case.</li></ul> |

| NAME | ADDRESS / TELEPHONE (WHERE KNOWN) | SUBJECT MATTER KNOWLEDGE |
|---|---|---|
| Kellie Teal-Guess (Cynosure Chief Human Resources Officer Cynosure) | *Contact through Cynosure's counsel of record* | <ul><li>Cynosure's contracts with the Individual Defendants.</li><li>Cynosure's human resources practices and company policies.</li><li>The Individual Defendants' employment histories and resignations.</li><li>Cynosure's North American Sales Team, including roles and responsibilities and the impact of the Reveal Lasers corporate raid.</li><li>Cynosure's efforts to protect its confidential and trade secret information.</li><li>Cynosure's damages as related to employee compensation and recruiting costs.</li><li>Any other topics of information in her Declarations submitted in this case.</li></ul> |
| J. Michael Trogolo (Cynosure Director of IT Infrastructure and Operations) | *Contact through Cynosure's counsel of record* | <ul><li>Cynosure's information technology systems and company policies, and related security practices.</li><li>The Individual Defendants' use of company systems and information technology and analysis of their computers.</li><li>Cynosure's efforts to protect its confidential and trade secret information.</li><li>Any other topics of information in his Declarations submitted in this case.</li></ul> |

| NAME | ADDRESS / TELEPHONE (WHERE KNOWN) | SUBJECT MATTER KNOWLEDGE |
|---|---|---|
| Yunior Caballero (Cynosure District Sales Manager) | *Contact through Cynosure's counsel of record* | <ul><li>Defendants' solicitation of Cynosure employees and Cynosure's customers.</li><li>Defendants' misappropriation of Cynosure's trade secret and/or confidential information.</li><li>Any other topics of information in his Declarations submitted in this case.</li></ul> |
| Brittney Walton (Cynosure Key-Accounts Practice Development Consultant) | *Contact through Cynosure's counsel of record* | <ul><li>Defendants' solicitation of Cynosure employees and Cynosure's customers.</li><li>Defendants' misappropriation of Cynosure's trade secret and/or confidential information.</li><li>Any other topics of information in her Declarations submitted in this case.</li></ul> |
| Jennifer Holsted (Cynosure Practice Development Consultant) | *Contact through Cynosure's counsel of record* | <ul><li>Defendants' solicitation of Cynosure employees and Cynosure's customers.</li><li>Defendants' misappropriation of Cynosure's trade secret and/or confidential information.</li><li>Any other topics of information in her Declarations submitted in this case.</li></ul> |
| Doug Neuhofer (Area Sales Manager Cynosure UK Ltd.) | *Contact through Cynosure's counsel of record* | <ul><li>Defendants' solicitation of Cynosure employees and Cynosure's customers.</li><li>Any other topics of information in his Declarations submitted in this case.</li></ul> |

| NAME | ADDRESS / TELEPHONE (WHERE KNOWN) | SUBJECT MATTER KNOWLEDGE |
|---|---|---|
| Brandon Romano (Cynosure VP of Financial Planning and Analysis & Accounting) | *Contact through Cynosure's counsel of record* | - Cynosure's financial performance and damages. |
| Andrew Douglas (Cynosure Director of Sales Ops) | *Contact through Cynosure's counsel of record* | - Cynosure's financial performance and damages. |
| Kyle Robertson (Cynosure Regional Business Director) | *Contact through Cynosure's counsel of record* | - Cynosure's operations and competitive position in the market.<br>- Cynosure's sales and marketing. |
| Rob Weikel (Cynosure Senior Director, Product Marketing and National Accounts) | *Contact through Cynosure's counsel of record* | - Cynosure's operations and competitive position in the market.<br>- Cynosure's sales and marketing. |
| Chad McDonnell Director FTI Consulting | *Contact through Cynosure's counsel of record* | - Forensic analyses of computers and other forensic data related to Defendants' misappropriation of trade secrets and/or confidential information. |
| Ankura | Defendants' vendor | - Forensic analysis of Defendant's computer systems |
| Eyal Buchbinder (Reveal Lasers) | Reveal Lasers | - The misconduct of Defendants as alleged in this action. |
| Penina Schiffman (Reveal Lasers) | Reveal Lasers | - The misconduct of Defendants as alleged in this action. |
| Brian Hochman (Reveal Lasers) | Reveal Lasers | - The misconduct of Defendants as alleged in this action. |
| Kuntal Debgupta (Reveal Lasers) | Reveal Lasers | - The misconduct of Defendants as alleged in this action. |
| Gilead Grossman (Reveal Lasers) | Reveal Lasers | - The misconduct of Defendants as alleged in this action. |

| NAME | ADDRESS / TELEPHONE (WHERE KNOWN) | SUBJECT MATTER KNOWLEDGE |
|---|---|---|
| Tamir Attias (Reveal Lasers) | Reveal Lasers | - The misconduct of Defendants as alleged in this action. |
| James Palastra | 3 Tupeck Lane Tuftonboro, NH 03864 | - Defendants' solicitation of Cynosure employees and Cynosure's customers. |
| Bruce Byers | Current Address Unknown | - Defendants' solicitation of Cynosure employees and Cynosure's customers. |
| Cynosure's customers solicited by Defendants | To be determined | - Solicitation by Defendants |

By making this disclosure, Cynosure does not represent that it has identified every individual or entity who potentially has, or may have knowledge of, discoverable information relevant to this action. Cynosure is continuing its investigation, and discovery may reveal additional relevant individuals or entities. Accordingly, Cynosure reserves the right to supplement the above list of individuals pursuant to Federal Rule of Civil Procedure 26(e), as necessary or appropriate as discovery progresses.

## II. DESCRIPTION OF POTENTIALLY RELEVANT DOCUMENTS

Based upon information reasonably available at this time, Cynosure identifies the following categories of documents, electronically stored information, and tangible things potentially in Plaintiffs' possession, custody, or control that may be used in support of their claims and/or defenses in this case:

- Contracts between Cynosure (and related entities) and the Individual Defendants containing restrictive covenants and confidentiality obligations.
- Communications between the Individual Defendants and any third party (including each other and other employees of Reveal Lasers) regarding the Individual Defendants' plans to leave Cynosure and establish and/or work for Reveal Lasers.

- Communications and other documents showing the Defendants' and their agents' attempts to solicit Cynosure employees, customers, potential customers, and/or other business partners.
- Documents the Individual Defendants misappropriated, exfiltrated, or otherwise took containing Cynosure confidential and/or trade secret information, as well as documents showing the defendants' use or attempted use of this information.
- Documents showing the damages Cynosure has suffered as a result of Defendants' misconduct, including documents showing Cynosure's financial performance, sales figures, lost sales opportunities, and documents showing sales by Reveal Lasers.
- Documents produced by any party.
- Pleadings, motions, discovery responses, and other documents filed and/or served in the instant case.

By making this disclosure, Cynosure does not represent that it has identified every potentially relevant document upon which it may rely for the purposes of this lawsuit. Cynosure is continuing its investigation, and discovery may reveal additional relevant documents. Accordingly, Cynosure reserves the right to supplement this disclosure pursuant to Federal Rule of Civil Procedure 26(e). Cynosure does not waive its right to object to the production of any particular document disclosed herein on the basis of any valid objection to its discoverability or admissibility.

Because some of the documents falling within the categories listed above may contain confidential and proprietary information, documents related to these categories will only be made available pursuant to the entry of a mutually agreeable protective order.

### III.    DAMAGES COMPUTATION

Discovery has not begun and Cynosure is unaware of the scope of Defendants' misconduct, which it believes to be ongoing and continuing to cause it harm. Accordingly, Cynosure lacks complete information necessary to understand the full scope of its damages and reserves the right

to amend this response as discovery progresses and to calculate each category of damages below via expert analysis and testimony based on a full record. Nonetheless, Cynosure sets forth below categories of damages it expects to seek and its estimation of the ranges and bases of the damages based on the information available to it.

**Actual Losses**. Cynosure will seek damages in the form of its actual losses as a result of Defendants' misconduct. As reflected in the Declaration of Lowinn Kibbey, at the time of its last financial review, Cynosure's actual and anticipated revenue associated with North American capital equipment product sales for 2022 had declined by at least approximately ▮% since around the time of the wave of resignations by the Individual Defendants in the directly affected regions, which represents a decline of at least approximately $▮ million in that category of revenue in those regions from a budgeted projection of $▮ million to less than $▮ million in actual and anticipated revenue. Cynosure believes the vast majority of this decline was caused by the Defendants' misconduct from a combination of lost and diverted sales opportunities will seek to recover its lost profits on those revenues.

Cynosure has also lost other types of revenue in different product categories attributable to the Defendants' misconduct, including consumables, surgical products, and topicals.

For each category of revenue, these numbers will only increase as Cynosure will also continue to incur losses into 2023 given that it is still hiring new salespeople and it will typically take 12 to 18 months for those sales people to ramp up to full capacity. Cynosure will also continue to incur losses from diverted sales to Reveal Lasers to the extent that any injunctive relief in this case does not adequately prevent the conversion of sales opportunities by Reveal Lasers.

Additionally, in calculating its actual losses, Cynosure will need to account for other expenses directly attributable to the Defendants' misconduct that will reduce its margins. This includes additional costs to recruit employees to replace the improperly solicited employees who have gone to Reveal Lasers and other personnel-related expenses directly resulting from their coordinated resignations. At this time, Cynosure has incurred over $▮ in expenses in this category in recruiting costs alone.

**Unjust Enrichment**.  Cynosure also seeks damages in the form of the unjust enrichment that has accrued and continues to accrue to the Defendants as a result of their misconduct.  This includes recovery of revenues made by Reveal Lasers that are attributable to the Defendants' misconduct via sale to its customers or potential customers and/or as a result of head start in the market as a start-up competitor and any ill-gotten market share it develops.  Cynosure will not be able to calculate these damages until it obtains information on Defendants customers and revenues in discovery.

Cynosure will also seek to recover wages paid to the Individual Defendants during the period when they were still employed by Cynosure but working for the benefit of themselves and their new employer, Reveal Lasers.  Cynosure lacks sufficient information to know when each employee shifted their loyalties at this point and will ascertain that in discovery to calculate these damages.

Cynosure will also seek to recover retention bonuses paid to the following Individual Defendants in at least the following approximate amounts: Christopher Chambers ($100,000), Jason Kalso ($50,000), Tara Bushman ($50,000), Kyle Shapero ($25,000), Jason Steinhorn ($25,000), and David Krueger ($25,000).

Cynosure will also seek to recover expenses that it directly paid to the Individual Defendants for work they were doing on behalf of Reveal Lasers, including at least the expenses Robert Daley and Chris Chambers submitted to attend the phony Quarterly Business Reviews and/or the 2022 annual sales meeting in the Bahamas wherein they attempted to solicit Cynosure employees to leave Cynosure to join Reveal Lasers.  At this time, those expenses are believed to account for a substantial portion of the over $[redacted] in expenses submitted by Chamber and Daley in 2022.

**Reasonable Royalty**.  To the extent that it is not duplicative of its other recoveries, Cynosure also reserves the right to seek a reasonable royalty in lieu of actual losses or unjust enrichment if Cynosure is unable to achieve full compensation for its harm caused via other measures of damages for any trade secret misappropriation.  Cynosure lacks sufficient information

to calculate a reasonable royalty based on the unknown scope of Defendants' misconduct and reserves the right to do so via expert testimony.

**Alternative Liquidated Damages.** To the extent that it is not duplicative of its other recoveries, Cynosure reserves the right to seek liquidated damages for violations of the employee non-solicitation obligations for those employees who agreed to CEIP agreements under Section 9 of that Agreement in the form of recovery of one third of the total compensation of employees solicited in violation of that clause. Cynosure is unable to estimate what portion of the damages would be recoverable under this theory at this stage, but total compensation for all employees that went to Reveal Lasers in 2021 was around $8.3M.

**Attorneys' Fees and Costs / Exemplary Damages / Treble Damages / Pre- and Post-Judgment Interest.** Cynosure also seeks an award of its attorneys' fees and costs pursuant to 18 U.S.C. § 1836(b)(3), M.G.L. c. 93 § 42C, M.G.L. c. 93A, and/or any applicable contract; an award of exemplary damages pursuant to 18 U.S.C. § 1836(b)(3), M.G.L. c. 93 § 42B(b), and/or common law; treble damages pursuant to M.G.L. c. 93A, compensatory damages; and pre- and post-judgment interest. The amount of attorneys' fees and costs and other such damages claimed here will depend on the course of the litigation and the amount of actual damages or unjust enrichment.

## IV. INSURANCE AGREEMENTS

Cynosure is not aware at this time of any person or entity carrying on an insurance business that may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy a judgment entered in this action. Cynosure reserves the right to supplement this disclosure if any pertinent insurance agreements are identified.

//
//
//

Dated: November 7, 2022

Respectfully submitted,

CYNOSURE, LLC
LOTUS PARENT, INC.

By their attorneys,

*/s/ Dipanwita Amar*
Dipanwita Deb Amar
Joseph Farris
Matthew Diton
ARNOLD & PORTER KAYE SCHOLER LLP
3 Embarcadero Center, 10th Floor
San Francisco, California 94111
dipanwita.amar@arnoldporter.com
joseph.farris@arnoldporter.com
matthew.diton@arnoldporter.com
T: +1 415.471.3100
F: +1 415.471.3400
*Admitted Pro Hac Vice*

Michael J. Pineault (BBO No. 555314)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
mpineault@andersonkreiger.com
T: +1 617.621.6578
F: +1 617.621.6619