UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, a Delaware limited liability company; and LOTUS PARENT, INC., a Delaware corporation;<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL LASERS LLC; a Nevada limited liability company, et al.<br><br>Defendants. | Civil Action No. 1:22-cv-11176-PBS |

**ORIGINAL DEFENDANTS' MOTION TO COMPEL DISCOVERY ON DAMAGES**

Defendants Reveal Lasers LLC, Robert Daley, Christopher Chambers, Cory Murrell, Brogan Bair-Chambers, Joshua Smith, Michael Russo, Kyle Shapero, Jason Kalso, David Krueger, Dean Fiacco, Robert Fiacco, and Daniel Demarco (the "Original Defendants") submit this Motion to Compel Discovery on Damages (the "Motion") pursuant to Fed. R. Civ. P. Rule 37(a). For the reasons set forth below, the Original Defendants respectfully request that this Court grant the Motion and enter an order requiring Plaintiff Cynosure, LLC ("Cynosure") to fully and completely (1) supplement the written discovery referenced herein by providing a complete and specific valuation of all damages sought; (2) produce all documentation upon which such valuation is calculated in response to the document requests specified herein; and (3) supplement its amended disclosures with respect to damages accordingly. A Proposed Order to that effect is attached to this Motion.

I.  **BACKGROUND**

Cynosure served its initial disclosures, as required by Fed. R. Civ. P. 26(a)(1)(A), more than fifteen months ago, on November 7, 2022 (the "Initial Disclosures"). *See* Exhibit A. Cynosure was required by Fed. R. Civ. P. 26(a)(1)(A)(iii) to provide information about its alleged damages as part of its Initial Disclosures.

The Original Defendants, in turn, served their initial disclosures on November 7, 2022. The Original Defendants subsequently served their First Set of Interrogatories and First Set of Requests for Production of Documents (collectively, the "First Requests") on Cynosure on December 20, 2022. *See* Exhibits B and C. Cynosure served its written responses (the "First Responses") to the First Requests on January 19, 2023. *See* Exhibits D and E.

The Original Defendants served their Second Set of Interrogatories and Second Set of Requests for Production of Documents (collectively, the "Second Requests") on Cynosure on April 21, 2023. *See* Exhibits F and G. Cynosure served its written responses (the "Second Responses") to the Second Requests on November 1, 2023. *See* Exhibits H and I.

The Original Defendants amended their initial disclosures on November 27, 2023. Likewise, Cynosure amended its initial disclosures on November 27, 2023. *See* Exhibit J. To date, Cynosure's disclosures remain deficient.

Several of the Original Defendants' discovery requests seek to uncover basic and critical information about Cynosure's purported damages, a required element of each and every one of its claims. Specifically, the following discovery requests are the subject of the Motion:

- **First Request No. 35:** All Documents and Communications concerning any damages that Plaintiffs have suffered or expect to suffer arising from any act or omission by any Defendant, including Reveal. *See* Ex. C, p. 11.

- **Second Request No. 26:** Documents sufficient to identify the basis for Cynosure's calculation of its damages. *See* Ex. G, p. 9.

- **Second Request No. 27:** To the extent not yet produced, all Documents and Communications concerning any efforts made by Cynosure to mitigate any of its damages. *See* Ex. G, p. 9.

As a threshold matter, the documents that the Original Defendants seek from Cynosure are well within the scope of Fed. R. Civ. P. 26(b)(1), which allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and that is proportional to the needs of the case…." *Id.* Despite the Original Defendants' *repeated* discovery requests, Cynosure has failed to provide any meaningful estimate of its alleged damages in response to Interrogatory No. 23, let alone documentation upon which such estimates are based as called for in Request Nos. 26, 27, and 35. Cynosure has provided nine basic "categories" of alleged damages in response to Interrogatory No. 23, only *one* of which was accompanied by a numerical estimate. *See* Ex. H, pp. 24-26. Cynosure stated in response to First Request No. 35 that, subject to its objections, it would "produce any documents on which it will rely to support its claims for damages as they are identified during discovery." *See* Ex. D, p. 26. With respect to Second Request Nos. 26 and 27, Cynosure responded that its "exact calculation of its damages will be the subject of expert testimony, reports, and analyses" but that it would "produce any documents on which [it] expect[s] [its] testifying expert(s) will rely" and "produce documents reflecting Cynosure's sales, revenues, costs, expenses, profits, budgets, and other financial data." *See* Ex. I, pp. 23-24. To date, with only two weeks remaining before the fact discovery deadline is set to expire, Cynosure has yet to provide any such documentation.

Defendants met and conferred with Cynosure on RFPs 26, 27, and 35 on November 17, 2023. At that time, Cynosure was not sure if responsive documents had been produced, if that production was complete, or when Reveal should expect additional productions. After multiple depositions and numerous additional Cynosure document productions, this issue remains

unresolved. Cynosure's refusal to offer even an approximation of its damages contravenes the Federal Rules of Civil Procedure and prejudices Defendants' ability to meaningfully defend against Cynosure's claims. Accordingly, this Court should compel Cynosure to: (1) produce all documentation upon which such valuation is calculated in response to First Request No. 35 and Second Request Nos. 26 and 27 and (2) supplement its Initial Disclosures with respect to damages and fully and completely answer interrogatories related to damages, including Interrogatory No. 23.

Ironically, despite Cynosure's failure to supplement its discovery responses to include current financial statements from 2023 – Cynosure seeks to compel the same exact information from Defendants. These financials are responsive to discovery regarding Cynosure's alleged damages and are crucial to Defendants' ability to assert a meaningful defense against Cynosure's claims. Therefore, this Court should compel Cynosure to supplement its production of financial statements to date.

## II. LEGAL STANDARD

Fed. R. Civ. P. 37(a) provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. *Id.* It is well-settled that the party resisting discovery bears the burden of showing why it should not be granted. *See Driscoll v. McCann*, 2020 WL 5983272, *1 (D. Mass. Oct. 8, 2020). The ultimate decision to grant or deny a motion to compel discovery rests within the broad discretion of the trial court. *See Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 51 (1st Cir. 2009).

## III. ARGUMENT

For the reasons below, Cynosure must provide the basis for the damages it intends to seek, including the underlying documents that both support and negate those damages, the categories

and theories of damages sought (e.g., lost profits, reasonable royalty), and the actual calculations that are based on current information.

      A.      **Cynosure Should Be Compelled to Supplement its Initial Disclosures with Respect to Damages.**

As a threshold matter, the information requested in this Motion is so fundamental that the Federal Rules of Civil Procedure require parties to provide it before initiating discovery. Specifically, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), "a party must, without awaiting a discovery request, provide to other parties …a *computation* of each category of damages claimed by the disclosing party." *AVX Corp. v. Cabot Corp.*, 251 F.R.D. 70, 75-76 (D. Mass. 2008) (emphasis added); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ("Rule 26(a) requires a party to provide a computation of any category of damages voluntarily, i.e., 'without awaiting a discovery request'"); *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1229 (10th Cir. 1999) (a "party must automatically disclose 'a computation of any category of damages claimed' and must produce for inspection all materials on which it bases its computation"). Moreover, the mere fact that discovery is still ongoing is *not* a defense to the failure to disclose: "[a] party must make its disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E).

Cynosure has failed to comply with Rule 26's plain requirements. Cynosure's Amended Disclosures are long on rhetoric, but short on facts, evidence, and actual estimates or computations of its purported damages. *See* Ex. J, § 3. For example, Cynosure alleges it should receive reasonable royalty damages, but fails to set forth any details about what the royalty rate is, how it should be applied, or provide an estimate or calculation of that straightforward math. *See* Ex. J, p.

10. Is this theory based on an alleged head start in the market? If so, how long is the head start, how is its value to be calculated, and what evidence supports those calculations? Is the theory instead one of what a prudent party would pay in a hypothetical negotiation for the right to use the trade secrets? If so, when is the hypothetical negotiation and what is the value of each alleged trade secret to be licensed? *See, e.g., Allstate Ins. Co. v. Fougere*, 2021 WL 6845538, *2 (D. Mass. Mar. 31, 2021) (explaining that reasonable royalty damages may use "many different types of calculations to determine [] value.").

In addition, Interrogatory No. 23 requests the information that Cynosure should have provided in its Initial Disclosures – specifically it asks Cynosure to "[i]dentify and provide a complete itemization of all damages sought and the purported basis for each." *See* Ex. F, p. 6. Cynosure's objections on the grounds that Interrogatory No. 23 is "overly broad, unduly burdensome, and disproportionate to the action insofar as it seeks more than an identification of categories of the damages sought by Cynosure" are meritless. *See* Ex. H, p. 24. Where a plaintiff puts economic loss at issue, information tending to prove or disprove such loss plainly becomes relevant and therefore discoverable. *See Amoah v. Mckinney*, 2016 WL 1698267, at *4 (D. Mass. Apr. 27, 2016) (holding a defendants' requests for documentation of plaintiff's prior wages "spoke directly" to plaintiff's claims for economic loss).

Even where Cynosure does estimate its damages, it still fails to provide any documentation evidencing how such estimates were calculated. Cynosure has likewise failed "to produce either a copy or description of the documents on which it based its damages calculation[s]" with respect to these damages in contravention of Rule 26(a)(1)(A)(ii). *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246-47 (9th Cir. 2012). Accordingly, Cynosure should be compelled to supplement its Amended Disclosures by providing an updated disclosure that

includes financial information through the end of 2023, a collection/explanation of the evidence Cynosure intends to rely on to support its estimate, and an actual damages estimate for each category of damages. Cynosure should also produce the documents underlying its damages calculations consistent with its obligations under Fed. R. Civ. P. 26(a)(iii).

> **B.   Cynosure Should Be Compelled to Supplement its Discovery Responses and Produce Responsive Documents.**

Fed. R. Civ. P. 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …" The Original Defendants' discovery requests at issue in this Motion easily satisfy these criteria.

Request Nos. 35, 26, and 27 seek "[a]ll Documents and Communications concerning any damages that Plaintiffs have suffered or expect to suffer arising from any act or omission by any Defendant, including Reveal," "[d]ocuments sufficient to identify the basis for Cynosure's calculation of its damages," and "… all Documents and Communications concerning any efforts made by Cynosure to mitigate any of its damages," respectively. *See* Ex. C., p. 11; Ex. G, p. 9. Cynosure baselessly objects that Request Nos. 26 and 27 are "premature," "overly broad," "unduly burdensome," "disproportionate to the needs of the case," and "will be the subject of expert testimony, reports, and analyses." Ex I, p. 23-24. Cynosure makes these same objections with respect to Request No. 35, but it further responds that it "will produce any documents on which it will rely to support its claims for damages as they are identified during discovery." Ex. D, p. 26.

In similar circumstances, courts have ordered the production of documents underlying damages. *See, e.g., IvyMedia Corp. v. iLIKEBUS, Inc.*, 1:15-cv-11918-NMG, Dkt. 106, (D. Mass, Apr. 21, 2017). In that case, the plaintiff had "produced only a description of the methodology it used to calculate its purported damages" but it refused to produce "any other information or

7

documents with respect to alleged damages." *Id.* at pp. 1-2. The Court found that "defendants are entitled to such information in order to respond to plaintiff's claim of damages." *Id.* at p. 2 (citing *ITT Electro-Optical Prod. Div. of ITT Corp. v. Elec. Tech. Corp.*, 161 F.R.D. 228, 231 (D. Mass. 1995)). The same is true here. Defendants are entitled to documents relevant to damages, including both those that Cynosure intends to rely on under Fed. R. Civ. P. 26(a)(iii), as well as additional damages documents that may either support or negate Cynosure's claims. The Original Defendants' document requests are plainly relevant, as they seek information regarding issues that Cynosure has put directly into question – namely, whether Cynosure was harmed financially due to the Defendants' conduct. The Original Defendants' requests, therefore, fall squarely within the scope of discoverable information, as they are vital to Defendants' defenses against Cynosure's claims. *See Elevate Grp., LLC v. DataScience.codes, LLC*, 2021 WL 6108288, at *7, n. 10 (D. Mass. Nov. 23, 2021) (granting discovery of "relevant information and documents regarding [plaintiff's] alleged damages"); *Shapiro v. Roger Williams Univ.*, 1:11-cv-00140-ML-DLM, Dkt. 114 (same).

### IV.    CONCLUSION

For all of the foregoing reasons, the Court should allow the Original Defendants' Motion to Compel Discovery on Damages and order Cynosure to (1) fully answer, search for, and produce, documents responsive to First Request No. 35, Second Request Nos. 26 and 26 and (2) supplement its previous production of financials to provide current information.


Dated: February 12, 2024.               Respectfully submitted,

                                        ORIGINAL DEFENDANTS,

By their attorneys,

*/s/ A. Madison Dini*
Gerald B. Hrycyszyn, BBO# 675201
Michael A. Albert, BBO# 558566
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
ghrycyszyn@wolfgreenfield.com
michael.albert@wolfgreenfield.com

A. Madison Dini (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
717 Texas Avenue, Suite 3100
Houston, Texas 77002
Telephone: (713) 422-2121
Facsimile: (713) 383-6151
mdini@mrllp.com

Ashley N. Moore (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
300 Crescent Court, Suite 1700
Dallas, Texas 75201
Telephone: (214) 273-4050
Facsimile: (214) 853-4113
amoore@mrllp.com

Enrico S. Trevisani (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
605 Third Avenue, 30th Floor
New York, New York 10158
Telephone: (212) 730-7700
Facsimile: (212) 730-7725
etrevisani@mrllp.com

## LOCAL RULE 7.1 AND 37.1 CERTIFICATE

I certify, pursuant to Local Rules 7.1 and 37.1, that counsel for the Original Defendants have conferred with counsel for the Plaintiffs numerous times regarding this Motion and have attempted in good faith to resolve or narrow the issues, but they were unable to do so.

*/s/ A. Madison Dini*
A. Madison Dini

## **CERTIFICATE OF SERVICE**

      I, A. Madison Dini, hereby certify that on February 12, 2024, a copy of the foregoing document was served on counsel for all appearing parties via the ECF filing system.

                                                 */s/ A. Madison Dini*
                                                 A. Madison Dini