```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| CYNOSURE, LLC, et al, <br><br> Plaintiffs, <br><br> v. <br><br> REVEAL LASERS LLC et al, <br><br> Defendants. | No.  22-cv-11176-PBS |

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO COMPEL

CABELL, U.S.M.J.

Through this motion (D. 431), the plaintiffs seek an order compelling the defendants to supplement certain interrogatory responses and further respond to certain requests for production of documents.  The court has previously ordered the defendants to produce the discovery at issue.  (D. 388, pp. 20:2-21:20; D. 399). The question is whether the defendants have adequately complied with those orders.  The plaintiffs also seek permission to reopen the depositions of Reveal Lasers' corporate designee and Eyal Buchbinder.  The defendants oppose the motion in its entirety. (D. 439).  For the following reasons, the motion is granted in part and denied in part.

**I.     Answers to Interrogatories**

    A.    *Interrogatories No. 9-11*

The plaintiffs assert that the defendants have not adequately responded to these interrogatories because they have failed to specifically identify which documents each defendant returned to Cynosure pursuant to the temporary restraining order. After the plaintiffs filed this motion, the defendants provided the plaintiffs with two tables identifying the documents returned by each individual defendant, complete with corresponding Bates ranges. (D. 440-5). It appears to the court that this supplemental response resolves the issue as to Interrogatory No. 10, and it likewise appears that the defendants have already sufficiently answered Interrogatory No. 9. However, it is not clear to the court that the defendants have satisfactorily answered Interrogatory No. 11, which asks them to identify any devices from which they deleted documents concerning Cynosure after the end of their employment with Cynosure. Thus, the court orders the defendants to further supplement their responses to Interrogatory No. 11 and identify, in narrative form, any relevant devices and, to the extent possible, the documents deleted.

    B.    *Interrogatory Responses Referencing Rule 33(d)*

The plaintiffs previously took issue with the defendants' allegedly improper reliance on Federal Rule of Civil Procedure 33(d) ("Rule 33(d)") in responding to several interrogatories.

2

The defendants responded by removing references to Rule 33(d) from several of their supplemental responses. The plaintiffs now argue that some of the supplemental responses continue to improperly rely on references to certain documents without explicitly relying on Rule 33(d). They also object to the defendants' use of untranslated Hebrew-language documents to invoke Rule 33(d).

The plaintiffs highlight the supplemental responses of defendants Cory Murrell and Matthew Malone as examples of purported deficiencies. The court, however, finds these supplemental responses to be adequate. To be sure, some of the responses incorporate affidavits, deposition testimony, and other documents by reference and these references, by themselves, would be insufficient. *See Saiz v. ADD Express, Inc.*, Civ. No. 23-660 MLG/GBW, 2024 WL 264051, at *2 (D.N.M. Jan. 24, 2024) (collecting cases). However, the responses primarily and appropriately answer the interrogatories in narrative form. *See* Fed. R. Civ. P. 33(b)(3) "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). The addition of references to other materials does not render these narrative responses inadequate.[1]

---

[1] Insofar as the plaintiffs argue that the narrative responses fail to fully answer the interrogatories, the court reiterates that broad discovery requests tend to elicit nonspecific responses. *Cynosure, LLC v. Reveal Lasers LLC*, --- F. Supp. 3d ---, 2023 WL 8880346, at *2 (D. Mass. 2023). For example, Interrogatory No. 1 instructs the respondent to identify all communications he has ever had with any customer or potential customer of Reveal Lasers. (D. 432-3, p. 2). It is hardly a surprise that an employee of Reveal Lasers would be unable to specify every such communication. Furthermore, the defendants

As to the translation issue, the plaintiffs cite out-of-circuit authority for the proposition that a party has a duty to translate any foreign-language documents it cites under Rule 33(d). (D. 431, p. 11) (collecting cases). However, the First Circuit has previously ruled that the Federal Rules of Civil Procedure do not give the district court any authority to order a party that produces foreign-language documents in discovery to translate those documents into English at its own expense. *In re P.R. Elec. Power Auth.*, 687 F.2d 501, 506 (1st Cir. 1982).[2] As such, the court will not order the defendants to provide a translation of the Hebrew-language documents. Instead, the plaintiffs may seek reimbursement of their translation costs from the defendants under 28 U.S.C. § 1920(6) should they prevail at trial. *See Trs. of Bos. Univ. v. Everlight Elecs. Co.*, 392 F. Supp. 3d 120, 137 (D. Mass. 2019) (citing *E. Bos. Ecumenical Cmty. Council, Inc. v. Mastrorillo*, 124 F.R.D. 14, 15 (D. Mass. 1989)).[3]

---

object to the broad scope of the interrogatory.  *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, *to the extent it is not objected to*, be answered separately and fully in writing under oath.") (emphasis added).

[2] In the case cited, the First Circuit was concerned with documents produced pursuant to Federal Rule of Civil Procedure 34 and not with Rule 33(d). Nonetheless, there is no salient difference between the two rules that would make the First Circuit's reasoning inapposite to Rule 33(d).

[3] Some of the defendants' supplemental responses continue to rely on Rule 33(d). The plaintiffs do not appear to assert that these supplemental responses are defective, and in any case they do not develop a sufficient argument on that point.  *See Higgins v. New Balance Athletic Show, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed."); *Cynosure*, 2023 WL 8880346, at *3 n.2 (applying *Higgins* to a motion to compel).

## II. Document Productions

### A. *Redaction Log*

The plaintiffs object to the defendants' production of 2,600 redacted documents without an accompanying privilege log and seek an order requiring the defendants to either provide a log or reproduce the documents without redactions. (D. 421, p. 8). The defendants represent that they produced redaction logs on April 11, 2024. (D. 439, pp. 2, 7). While the court credits this representation, it notes that there is no corroborating information in the declaration that the defendants filed in support of their opposition. (D. 440). Nonetheless, the court, based on the defendants' representations, denies the motion to compel as moot with respect to the redaction log issue.

### B. *Payroll Records and Communications Among Daley, Chambers, Buchbinder, and Merkur Between March 2021 and June 2022*

The plaintiffs assert that the defendants have failed to produce adequate payroll records as previously ordered by this court, as well as communications between Bob Daley, Chris Chambers, Eyal Buchbinder, and Tsahi Merkur from March 2021 to June 2022. The defendants laconically reply that they produced "additional relevant compensation, payroll, and other financial records and communications" on March 21 (one week before the plaintiffs filed the instant motion) and so the plaintiffs' request is moot. (D. 439, p. 7). This response is insufficiently detailed for the court

5

to evaluate whether and to what extent the defendants have indeed cured the deficiencies the plaintiffs raise. Accordingly, the court orders the defendants to produce all communications between the four individuals listed above from March 2021 to June 2022 and to supplement their production of payroll records with documents detailing the compensation paid to each individual defendant. *See Higgins v. New Balance Athletic Show, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed."); *Cynosure, LLC v. Reveal Lasers LLC*, --- F. Supp. 3d ---, 2023 WL 8880346, at *3 n.2 (D. Mass. 2023) (applying *Higgins* to a motion to compel).

    C.    *Buchbinder Messages*

The defendants indicate that they are in the process of collecting messages from Mr. Buchbinder's cell phone and "will be able to produce relevant communications from [the] phone no later than next Wednesday, April 17." (D. 439, p. 9). Given that representation, the court orders the defendants to produce said messages by April 17, 2024, subject to the agreements the parties have already reached regarding the messages' format and authenticity.

## III. Depositions

    A.    *Reopening Buchbinder Deposition*

The plaintiffs seek permission to reopen Mr. Buchbinder's deposition so they may question him about recently produced

6

documents reflecting Reveal Lasers Ltd's ownership, history, financial performance, and corporate structure, as well as his soon-to-be-produced text messages. The court denies this request without prejudice to the plaintiffs renewing it after reviewing the messages from Mr. Buchbinder's phone. This will better allow the parties to assess and demonstrate the need (or lack thereof) for further deposition testimony from Mr. Buchbinder.

      B.   *Reopening Reveal Lasers' 30(b)(6) Deposition*

The plaintiffs also seek permission to reopen the deposition of Reveal Lasers LLC's and Reveal Lasers Ltd's corporate designee, Cory Murrell, asserting that Mr. Murrell was not adequately prepared to testify and that defense counsel made improper objections that presented the plaintiffs from pursuing legitimate lines of inquiry. The defendants contend that Mr. Murrell was sufficiently prepared and that he testified fulsomely. The defendants further argue that defense counsel properly objected to protect attorney work product.

To begin, the court agrees with the defendants that Mr. Murrell was adequately prepared to testify. "A deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority." *CMI Roadbuilding v. Iowa Parts, Inc.*, 322 F.R.D. 350, 361 (N.D. Iowa 2017). For its part, "the responding party must make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and

7

to prepare them to fully and unevasively answer questions about the designate subject matter." *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 570 (D. Minn. 2003) (internal quotation omitted). A review of the deposition transcript shows that Mr. Murrell provided substantive answers to a significant portion of the questions put to him over the course of nearly nine hours (including breaks). While the plaintiffs may reasonably be frustrated at Mr. Murrell's inability to testify about certain topics in greater detail, this inability does not reflect the absence of a good-faith effort on the defendants' part to prepare Mr. Murrell to testify.

Further, it bears noting that the plaintiffs filed their motion to compel a Rule 30(b)(6) deposition of Reveal Lasers on March 1, 2024, just three weeks before the close of fact discovery. (D. 406). It was not until March 11 that the court indicated that it would allow the plaintiffs to take that deposition. (D. 419, p. 5:4-8). The court formally ruled on the motion to compel and narrowed the topics for the deposition on March 15. (D. 426). The deposition took place on March 22, one day after the close of fact discovery.[4] Given the tight turnaround, it is hardly a surprise that Mr. Murrell was not perfectly prepared to answer every question asked.

---

[4] The parties sought and obtained the court's leave to conduct the deposition after discovery closed on March 21, 2024.

The plaintiffs' second argument is more persuasive. The court agrees that defense counsel instructed Mr. Murrell not to answer multiple questions based on incorrect assertions of privilege. Search terms are not protected as attorney work product. *HealthEdge Software, Inc. v. Sharp Health Plan*, Civil Action No. 19-11020-ADB, 2021 WL 1821358, at *3 (D. Mass. May 6, 2021). Likewise, it is far from clear how questions regarding whether Reveal Lasers collected every bit of data from Mr. Buchbinder's cell phone or whether Reveal Lasers searched Bruce Byers's email account run afoul of attorney work product protection or attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) (attorney-client privilege only protects disclosure of communications, not underlying facts); *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003) (The attorney-client privilege "protects only those communications that are confidential and are made for the purpose of seeking or receiving legal advice."); *see also In re Grand Jury Subpoena*, 273 F. Supp. 3d 296, 301, 304 (D. Mass. 2017) (party that invokes attorney-client privilege or work product protection has the burden to establish privilege or protection). The problem is particularly acute where counsel provides information to a corporate designee to prepare him for a deposition and then instructs him not to answer because he only knows the information from his communications with counsel. *See In re Keeper of Records*,

9

348 F.3d at 24 (discussing problem of litigants "using the attorney-client privilege as both a sword and a shield . . . [to] kidnap the truth-seeking process").

At the same time, the court agrees with the defendants that a Rule 30(b)(6) deposition is perhaps not the best vehicle for the plaintiffs to inquire into Reveal Lasers' efforts to comply with their discovery obligations. As an alternative to reopening the 30(b)(6) deposition, the court orders Reveal Lasers LLC and Reveal Lasers Ltd to provide written answers to the following questions to the plaintiffs no later than April 29, 2024:

1. Did Reveal Lasers and/or its third-party vendor(s) extract all of the data from Eyal Buchbinder's cell phone?

2. What search terms, if any, were applied to Eyal Buchbinder's phone?

3. Other than those belonging to the individual defendants, did Reveal Lasers search anyone else's email accounts? If so, whose?

4. What search terms, if any, were applied to any Reveal Lasers email accounts?

5. What date ranges, if any, were used in searching any Reveal Lasers email accounts?

6. Other than Eyal Buchbinder's cell phone and any Reveal Lasers email accounts, what electronic devices has Reveal Lasers searched, if any?

7. What search terms, if any, were applied to these additional devices?

8. What date ranges, if any, were used in searching these additional devices?

**IV.  Sanctions**

Finally, the plaintiffs seek approximately $21,000 in attorney fees in connection with this motion to compel.  When a court grants a motion to compel in part and denies it in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).  Having considered the foregoing, including the fact that both sides advanced reasonable arguments on a barrage of issues, the court declines to apportion expenses.

So ordered.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  April 15, 2024