**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CYNOSURE, LLC, a Delaware limited liability company; and LOTUS PARENT, INC., a Delaware corporation;<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL LASERS LLC; a Nevada limited liability company, et al.<br><br>Defendants. | Civil Action No. 1:22-cv-11176-PBS |

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO PRECLUDE EVIDENCE OR TESTIMONY RELATING TO THE NET WORTH OR FINANCIAL CONDITION OF ANY INDIVIDUAL**

Defendants move this Court *in limine* for an order precluding Plaintiffs Cynosure, LLC and Lotus Parent, Inc. ("Plaintiffs"), their attorneys, witnesses, or others from introducing into evidence, eliciting testimony (including expert testimony), mentioning, referring to, voluntarily answering or interrogating, or at any time attempting to convey, either directly or indirectly, in the presence of the jury, information concerning the personal net worth, financial condition, assets, or investments of any individual.

The net worth, financial condition, assets, or investments of any individual is irrelevant to any issue in this case, including whether any of the Defendants may be liable for any act or omission that Plaintiffs allege caused them injury. Accordingly, any reference thereto should be prohibited because it would be more prejudicial than probative. *See* Fed. R. Evid. 403; *see also In re Homestore.com, Inc.*, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ([e]vidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case."); *Fed. Deposit Ins. Corp. v. Amos*, 2016 WL

4697930, at *3 (N.D. Fla. Jan. 21, 2016) (granting motion *in limine* to exclude evidence of defendant's family's net worth). Indeed, allowing Plaintiffs to make such references would be highly prejudicial to Defendants as the jury may feel that even if there were no liability, Plaintiffs should be compensated for their efforts in bringing the lawsuit in view of the fact that the Defendants or their investors may be perceived by the jury to have the financial resources to pay any judgment rendered against them.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court enter an order precluding evidence or testimony relating to the net worth, financial condition, assets, or investments of any individual.

Dated: May 14, 2024.

Respectfully Submitted,

DEFENDANTS,

By their attorneys,

*/s/ A. Madison Dini*

Gerald B. Hrycyszyn, BBO# 675201
Michael A. Albert, BBO# 558566
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
ghrycyszyn@wolfgreenfield.com
michael.albert@wolfgreenfield.com

A. Madison Dini (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
717 Texas Avenue, Suite 3100
Houston, Texas 77002
Telephone: (713) 422-2121
Facsimile: (713) 383-6151
mdini@mrllp.com

Ashley N. Moore (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
300 Crescent Court, Suite 1700
Dallas, Texas 75201
Telephone: (214) 273-4050
Facsimile: (214) 853-4113
amoore@mrllp.com

Enrico S. Trevisani (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
605 Third Avenue, 30th Floor
New York, New York 10158
Telephone: (212) 730-7700
Facsimile: (212) 730-7725
etrevisani@mrllp.com

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Rules of Court 7.1, I hereby certify that counsel for the Defendants have conferred with counsel for the Plaintiffs and attempted in good faith to resolve these areas of disagreement to the greatest extent possible before filing this motion.

*/s/ A. Madison Dini*
A. Madison Dini

**CERTIFICATE OF SERVICE**

I, A. Madison Dini, hereby certify that on May 14, 2024 a copy of the foregoing document was served on counsel for all appearing parties via the ECF filing system.

*/s/ A. Madison Dini*
A. Madison Dini