**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CYNOSURE, LLC, a Delaware limited liability company; and LOTUS PARENT, INC., a Delaware corporation;<br><br>     Plaintiffs,<br><br>  v.<br><br>REVEAL LASERS LLC; a Nevada limited liability company, et al.<br><br>     Defendants. | Civil Action No. 1:22-cv-11176-PBS<br><br>**REDACTED PUBLIC VERSION** |

**DEFENDANTS' TRIAL BRIEF REGARDING PLAINTIFFS'**
**LATE AND UNPLED ALTER EGO/VICARIOUS LIABILITY THEORIES**

## TABLE OF CONTENTS

I. INTRODUCTION ..............................................................................................1

II. BACKGROUND .............................................................................................1

III. LEGAL STANDARD ......................................................................................3

IV. ARGUMENT...................................................................................................6

   A. Plaintiffs Should Be Precluded From Pursuing Unpled Liability Theories at the Eleventh Hour...............................................................................................6

   B. Plaintiffs are Not Entitled to an Unpled Alter Ego Finding as a Matter of Law. ...7

      *1. Common Ownership and Pervasive Control* ...........................................7

      *2. Confused Intermingling*.................................................................8

      *3. Absence of Corporate Records, Siphoning of Corporate Assets, and No Payment of Dividends* ..........................................................10

      *4. Thin Capitalization, Nonobservance of Corporate Formalities, Insolvency, Nonfunctioning of Officers and Directors, and Use of Corporation for Transactions of Dominant Shareholders and in Promoting Fraud* .........11

   C. Treating Reveal LTD and Reveal LLC as One Entity on the Verdict Form Would Significantly Prejudice Defendants. ...................................................13

V. CONCLUSION...............................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Berger v. H.P. Hood, Inc.*
  416 Mass. 652, 657, 624 N.E.2d 947 (1993) ............................................................5

*Birbara v. Locke*
  99 F.3d 1233, 1239 (1st Cir. 1996) ........................................................ 5, 9, 10, 12

*Cahaly v. Benistar Property Exchange Trust Co., Inc.*
  68 Mass. App. Ct. 668, 677, 864 N.E.2d 548, 558 n.16 (2007), aff'd, 451 Mass. 343, 885 N.E.2d
  800 (2008) ..............................................................................................................4

*Cape Cod Food Products v Natl. Cranberry Ass'n*
  119 F Supp 900, 916 (D. Mass. 1954) ..................................................................14

*Carballo–Rodriguez v. Clark Equipment Co.*
  147 F.Supp.2d 63, 65 (D.P.R. 2001) .....................................................................12

*Clinical Dynamics Corp. v. Dynatech Nevada, Inc.*
  Civ. A. No. 93-10048-Z, 1994 WL 175026, at *1 (D. Mass. 1994) .........................3

*Commonwealth v. Beneficial Fin. Co.*
  360 Mass. 188, 289, 275 N.E.2d 33 (1971) .............................................................5

*Crane v. Green & Freedman Baking Co.*
  134 F.3d 17, 21 (1st Cir.1998) ...............................................................................7

*Escude Cruz v. Ortho Pharmaceutical Corp.*
  619 F.2d 902, 905 (1st Cir. 1980) .........................................................................13

*Evans v. Multicon Const. Corp.*
  30 Mass App Ct 728, 734, 574 NE2d 395, 399 (Mass. App. Ct. 1991) ......... 8, 11, 12

*Evans v. Multicon Construction Corporation*
  574 N.E.2d 395, 736 (Mass. App. Ct. 1991) .....................................................5, 12

*George Hyman Const. Co. v Gateman*
  16 F Supp 2d 129, 150 (D. Mass. 1998) ..............................................................5, 10

*Greenery Rehabilitation Group, Inc. v. Antaramian*
  36 Mass. App. Ct. 73, 79, 628 N.E.2d 1291 (1994) .............................................12

*Mandarini v Accurate Engineered Concrete, Inc.*
433 F Supp 3d 186, 200 (D. Mass. 2019)..................................................7

*Marshall v. Anderson Excavating & Wrecking Co.*
901 F3d 936, 942 (8th Cir. 2018)..................................................6

*Mass. Carpenters Cent. Collection Agency v. A.A. Bldg. Erectors, Inc.*
343 F.3d 18, 21 (1st Cir. 2003) ..................................................13

*My Bread Baking Co. v. Cumberland Farms, Inc.*
353 Mass. 614, 618–619, 233 N.E.2d 748 (1968) .........................4, 5, 8, 9

*NCR Credit Corporation v. Underground Camera, Inc.*
581 F.Supp. 609, 612 (D. Mass. 1984)..................................................4

*Omni-Wave Elecs. Corp. v Marshall Indus.*
127 FRD 644, 648 (D. Mass. 1989)..................................................3, 6

*OMV Assoc., L.P. v Clearway Acquisition, Inc.*
82 Mass. App. Ct. 561, 566, 976 NE2d 185, 191 (Mass. App. Ct. 2012) ...............12

*Pepsi–Cola Metro. Bottling Co. v. Checkers, Inc.*
754 F.2d 10, 14–16 (1st Cir. 1985)..................................................5

*Sanchez–Lopez v. Fuentes–Pujols*
375 F.3d 121, 134 (1st Cir. 2004)..................................................13

*Scott v. NG U.S. 1, Inc.*
450 Mass. 760, 768, 881 N.E.2d 1125 (2008) .......................................7, 13

*Sheek v. Asia Badger, Inc.*
235 F.3d 687, 699 (1st Cir. 2000)..................................................13

*Strom v. American Honda Motor Co.*
423 Mass. 330, 344, 667 N.E.2d 1137 (1996) ..........................................5

*TechTarget, Inc. v. Spark Design, LLC*
746 F Supp 2d 353, 357 (D. Mass. 2010)..........................................6, 9, 12

*United States v. Bestfoods*
524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998)...............................3

*Walden v. City of Providence*
596 F3d 38, 62 (1st Cir. 2010) ..................................................14

*Westcott Constr. Corp. v. Cumberland Constr. Co.*
  3 Mass. App. Ct. 294, 299, 328 N.E.2d 522 (1975)..................................................................9

**Statutes**

18 U.S.C. § 1836(b)(1)...........................................................................................................14

M.G.L. c. 93A......................................................................................................................15

Mass. Gen. Laws ch. 93A, § 11 ...........................................................................................15

## I.      INTRODUCTION

Pursuant to the Court's May 28, 2024 Order (*see* Dkt. 532), Defendants Reveal Lasers LLC, Reveal Lasers LTD, Robert Daley, Christopher Chambers, Cory Murrell, Brogan Bair-Chambers, Joshua Smith, Michael Russo, Kyle Shapero, Jason Kalso, David Krueger, Dean Fiacco, Robert Fiacco, and Daniel Demarco (collectively, "Defendants") respectfully submit the following Trial Brief Regarding Plaintiffs' Late and Unpled Alter Ego/Vicarious Liability Theories.

Despite the distinct corporate identities of Reveal Lasers LLC and Reveal Lasers LTD, and without ever having pled claims related to alter ego or vicarious liability, Plaintiffs request an 11th-hour ruling "that LLC and LTD are alter egos and, as such, they can be tried together as a single entity." Dkt. 510 at 39. Such a ruling would be improper and prejudicial to Defendants for multiple reasons.

## II.      BACKGROUND

In July 2022, Plaintiffs sued two separate corporate entities: Reveal Lasers LLC ("LLC") and Reveal Lasers LTD ("LTD"). Plaintiffs never asserted claims for alter ego or vicarious liability nor did they ever timely amend their pleadings to assert such claims. Accordingly, the parties never commenced discovery on such claims or filed dispositive motions entitling Plaintiffs to any ruling on such claims before trial. As such, Defendants have never had an opportunity to mount formal defenses to these late, unpled claims and should not be penalized at trial due to Plaintiffs' failures. Accordingly, as an initial matter, Plaintiffs should be precluded from pursuing an alter ego or vicarious liability theory where such theories were never pled in the First Amended Complaint (or any amended pleading). Critically, no facts alleged in Plaintiffs' Amended Complaint support a finding that corporate disregard is necessary to defeat the effects of any fraud or prevent a gross

inequity on the part of LTD and LLC. Even if Plaintiffs had pled an alter ego claim or vicarious liability, the facts do not support such claims.

LTD is an Israeli-based corporation founded by Eyal Buchbinder in 2018. LLC, formed on May 25, 2022, and headquartered in Las Vegas, Nevada, is wholly owned by LTD. It is undisputed that LTD was formed and operated independently for four years before the formation of LLC, and that LLC is a North American subsidiary of LTD. These entities compete in different foreign markets, with different products, and employ different groups of employees. LLC did not exist before the former employees' resignations. The evidence at trial, even from Cynosure's witnesses, will show that Cynosure did not consider Reveal Lasers LTD a competitor of Cynosure's, nor did LLC or LTD hold any market share in North America at the time of the former employees' resignations.

Furthermore, Reveal LTD does not employ any officer or employee of Reveal Lasers LLC. LLC employs all North American employees, while LTD does not employ any North American employees. Both LLC and LTD maintain their corporate records in accordance with the laws and regulations of their respective localities. ███████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████. There is no evidence that officers or directors of either LLC or LTD have ever siphoned funds.

Beyond this, both LTD and LLC fully observe corporate formalities in accordance with the laws and regulations of the localities where they are situated. Both LLC and LTD have functioning officers and directors with distinct roles that differ from one another. ████████████████ ███████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████. The officers of both LLC and LTD have never (and would never) use the respective corporate entities to promote fraud.

Indeed, Plaintiffs have not come close to the evidentiary showing necessary to disregard the corporate separateness between LLC and LTD, with the vast majority of factors Courts consider in veil-piercing and alter ego analysis weighing heavily in favor of Defendants.

Simply put, there are various factual and legal disputes at issue that require Plaintiffs to establish separate proof of acts by Reveal Lasers LLC and Reveal Lasers LTD (or its respective employees). The jury should have to weigh such acts and proof separately before assigning liability or damages to each defendant or otherwise risk significant prejudice to both LLC and LTD. Accordingly, Defendants are entitled to separate lines on the jury verdict form for all four Defendants, including LLC and LTD as separate entities, so that the jury can assign liability and damages, if any, to each respective defendant. Such a ruling will not prejudice Plaintiffs, but allowing otherwise could result in error and prejudice to Defendants.

## III.   LEGAL STANDARD

It is a general principle of corporate law deeply "ingrained in our economic and legal systems" that a parent corporation is not liable for the acts of its subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998) (internal citation omitted). There are rare circumstances where a parent company may be liable for the actions of a subsidiary, but these circumstances arise "only when compelling reasons justify disregarding corporate structure and piercing the corporate veil." *Clinical Dynamics Corp. v. Dynatech Nevada, Inc.*, Civ. A. No. 93-10048-Z, 1994 WL 175026, at *1 (D. Mass. 1994).

The term "alter ego" refers to a doctrine of corporate law under which courts may at times disregard corporate entities. Conclusory allegations of alter ego status are not sufficient. *Omni-Wave Elecs. Corp. v Marshall Indus.*, 127 FRD 644, 648 (D. Mass. 1989). Even though the law of the state of incorporation is generally applied to internal corporate affairs, Massachusetts courts will apply Massachusetts law of disregard of corporate entity. *Harrelson v. Seung Heun Lee*, 798 F. Supp. 2d 310, 316 n.4 (D. Mass. 2011), dismissed, 2012 WL 273691 (D. Mass. 2012); *Cahaly v. Benistar Property Exchange Trust Co., Inc.*, 68 Mass. App. Ct. 668, 677, 864 N.E.2d 548, 558 n.16 (2007), aff'd, 451 Mass. 343, 885 N.E.2d 800 (2008).

Under Massachusetts law, a party requesting a court disregard the corporate form must establish the existence of two conditions. First, the party must allege facts suggesting that representatives of one corporation exercise some type of pervasive control over the activities of another corporation; or that there is a "confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities . . . " *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 618–619, 233 N.E.2d 748 (1968). Second, the party must show that piercing the corporate veil is necessary to defeat fraud or wrong or to prevent gross inequity. *Id.* at 620, 233 N.E.2d at 748. Only on those "rare" occasions in which these two conditions exist may a court properly invoke the equitable doctrine of corporate disregard. *NCR Credit Corporation v. Underground Camera, Inc.*, 581 F.Supp. 609, 612 (D. Mass. 1984).

Massachusetts courts consider 12 factors when determining whether the necessary pre-conditions noted above exist to pierce a corporate veil: "1) common ownership; (2) pervasive control; (3) confused intermingling of business assets; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8)

insolvency at the time of the litigated transaction; (9) siphoning away of corporation's funds by dominant shareholder; (10) nonfunctioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; and (12) use of the corporation in promoting fraud." *Pepsi–Cola Metro. Bottling Co. v. Checkers, Inc.,* 754 F.2d 10, 14–16 (1st Cir. 1985) (categorizing criteria set forth in *My Bread Baking Co. v. Cumberland Farms, Inc.,* 353 Mass. 614, 233 N.E.2d 748 (1968)).

The twelve factors serve "only to frame the veil-piercing analysis." *George Hyman Const. Co. v Gateman*, 16 F Supp 2d 129, 150 (D. Mass. 1998). Overarching the consideration of each factor are equitable considerations. *Evans v. Multicon Construction Corporation*, 574 N.E.2d 395, 736 (Mass. App. Ct. 1991). Disregard of a corporate entity should occur only in "'rare particular situations to prevent gross inequity.'" *Id.* at 732, 574 N.E.2d 395 (quoting *My Bread* at 620); *see also Birbara v. Locke*, 99 F.3d 1233, 1239 (1st Cir. 1996) (collecting cases); *Berger v. H.P. Hood, Inc.*, 416 Mass. 652, 657, 624 N.E.2d 947 (1993) (respecting corporate form absent "compelling reason of equity" to do otherwise); *Commonwealth v. Beneficial Fin. Co.*, 360 Mass. 188, 289, 275 N.E.2d 33 (1971) (looking through corporate veil only to "accomplish ... essential justice") (quotation omitted). "Massachusetts has been somewhat more 'strict' than other jurisdictions in respecting the separate entities of different corporations." *My Bread*, 233 N.E.2d 748, at 619–20. While the corporate form may be disregarded on rare occasions, it is important not to forget the basic principle that "[c]orporate distinctness is respected as a means of limiting liability and thus fostering investment in corporate enterprises." *Strom v. American Honda Motor Co.,* 423 Mass. 330, 344, 667 N.E.2d 1137 (1996); *see also Berger v. H.P. Hood, Inc.*, 416 Mass. 652, 657, 624 N.E.2d 947 (1993). ("It is only where the corporation is a sham, or is used to perpetrate deception to defeat a public policy, that it can be disregarded.") (quotation omitted).

## IV.    ARGUMENT

### A.    Plaintiffs Should Be Precluded From Pursuing Unpled Liability Theories at the Eleventh Hour.

Now, after the close of discovery when the time for amending pleadings has passed, Plaintiffs for the first time allege "that Reveal Lasers LTD[] is the alter ego of Reveal Lasers LLC." Dkt. 510 at 27. As this Court has observed, Plaintiffs have not formally plead an alter egotheory of liability or vicarious liability at any time in this litigation. *See* Dkt. 534 at 11-12. The First Amended Complaint bears out this conclusion, as it does not contain a cause of action for alter ego. *See* Dkt. 63, ¶134-205.

Nor have Plaintiffs otherwise sufficiently pled facts supporting alter ego. No alleged facts in the FAC bear on the issues of LLC or LTD's capitalization, the observance of corporate formalities, corporate records, the payment of dividends, any alleged insolvency at the time of the contract, the siphoning of corporate funds, the nonfunctioning of the corporations' officers or directors, the use of the corporations for dominant shareholders' transactions, or the use of the corporations in promoting fraud. *See id.; TechTarget, Inc. v. Spark Design, LLC*, 746 F Supp 2d 353, 357 (D. Mass. 2010) (rejecting plaintiff's attempt to pierce the corporate veil of defendant where the complaint did not allege any fraud, deceit, or dubious manipulation of defendant's corporate form); *Omni-Wave Elecs. Corp. v Marshall Indus.*, 127 FRD 644, 648 (D. Mass. 1989) (rejecting alter ego theory where there was no pleading of facts upon which to base a finding that corporate disregard is necessary to defeat the effects of a fraud or wrong or to prevent gross inequity); *see also Marshall v. Anderson Excavating & Wrecking Co.*, 901 F3d 936, 942 (8th Cir. 2018) (concluding that the district court legally erred in applying the alter ego theory of liability where plaintiffs never pleaded an alter ego theory in their complaint).

Thus, as an initial matter, Plaintiffs should be barred from treating LTD and LLC as one entity at trial under a last-minute liability theory when they failed to plead them in the First Amended Complaint.

**B.      Plaintiffs are Not Entitled to an Unpled Alter Ego Finding as a Matter of Law.**

After introducing their alter ego theory on the eve of trial, Plaintiffs now assert that "nearly every single factor" of the 12-factor *Evans* test is met here. *See* Dkt. 510 at 29. Not so. As the First Circuit has observed, the legal standard for when it is proper to pierce the corporate veil is notably "fact-intensive." *Crane v. Green & Freedman Baking Co.*, 134 F.3d 17, 21 (1st Cir.1998). Setting aside that Plaintiffs did not plead alter ego, even if they had, the facts do not support this claim.

*1.   Common Ownership and Pervasive Control*

First, Plaintiffs contend that alter ego should apply because Bob Daley and Christopher Chambers (CEO and CCO of LLC) initially signed Employment Agreements with LTD, own equity in LTD (and not LLC), and were recruited to join Reveal by Eyal Buchbinder (CEO of LTD). However, ███████████████████████████████████████████████ ████████████████████. *See* Declaration of James Palastra at 4. All these facts show are two corporate entities that are intertwined by virtue of their corporate relationship as parent and subsidiary. Simply showing that two companies are intertwined is not enough to prove liability under the alter ego or veil-piercing doctrines. *Mandarini v Accurate Engineered Concrete, Inc.*, 433 F Supp 3d 186, 200 (D. Mass. 2019).

Control in and of itself, even "pervasive control," is not sufficient to disregard the corporate entity. *Scott v. NG U.S. 1, Inc.*, 450 Mass. 760, 768, 881 N.E.2d 1125 (2008) (holding that in order to pierce the corporate veil, a court must conclude that the parent corporation directed and controlled the subsidiary and used it for an *improper purpose*). *Id.* As discussed below, there is no evidence of *improper* control here. This is fatal to any alter ego claim. *See Evans v. Multicon*

*Constr. Corp.*, 30 Mass. App. Ct. 728, 736, 574 N.E.2d 395 (1991) ("[t]here is present in the cases which have looked through the corporate form an element of dubious manipulation and contrivance...."). However, the facts do not show two corporate entities under the domination of the same individuals. *See My Bread*, 353 Mass. at 620, 233 N.E.2d 748 (characterizing an individual as a "dominant figure" in both companies).

Reveal LTD does not employ any officer or employee of Reveal Lasers LLC. *See* Declaration of James Palastra at 6. Reveal LLC employs all North American employees, while Reveal LTD does not employ any North American employees. *See Id.* Thus, weighing these factors, there are no facts sufficient to support a finding that the two entities are functionally operating as one entity under common control.

## 2. *Confused Intermingling*

Next, ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

[REDACTED]

Importantly, Plaintiffs have failed to link any alleged co-mingling to any risk of ambiguity as to the identity of each corporate entity, or any risk of harm to Plaintiffs themselves. *See TechTarget, Inc. v. Spark Design, LLC*, 746 F.Supp.2d at 357 (holding that alter ego claims failed where confused intermingling and pervasive control was not alleged to be used to deceive or manipulate the plaintiff); *Birbara v. Locke*, 99 F.3d 1233, 1239 (1st Cir.1996) (denying

intercorporate piercing where there was no evidence that plaintiffs were misled or confused about the intercorporate relationship.). Because Plaintiffs have failed to present this evidence, their alter ego claim must also fail.

>   3.   *Absence of Corporate Records, Siphoning of Corporate Assets, and No Payment of Dividends*

Going further, Plaintiffs assert (without support) that other factors present justify disregarding the corporate structure here, including the "absence of corporate records," the "siphoning of funds by Reveal LTD and Reveal LLC's assets," and the "lack of evidence of payment of dividends." These conclusory allegations are entirely without merit.



Here, there is no evidence that officers or directors of either LLC or LTD have ever siphoned funds. *See* Declaration of James Palastra at 13. No facts pled by plaintiffs rise to the level of "financial misconduct of the subsidiary involving such manipulation as asset-stripping or asset-siphoning, which depletes the resources of the subsidiary." *Birbara,* 99 F.3d at 1241 (quotations omitted). Plaintiffs are responsible for presenting "credible evidence of subterfuge or channeling excessive payments." *Id.* at 1241 n. 8.

[REDACTED]

[REDACTED]

Because Plaintiffs have offered little more than conclusory allegations, each one of these factors weigh in favor of Defendants.

> 4. *Thin Capitalization, Nonobservance of Corporate Formalities, Insolvency, Nonfunctioning of Officers and Directors, and Use of Corporation for Transactions of Dominant Shareholders and in Promoting Fraud*

Plaintiffs have not even attempted to present evidence or argument regarding these remaining factors prior to the Court's directive to brief this issue. Even still, the remaining factors, on balance, weigh in favor of Defendants.

To be clear, both LTD and LLC fully observe corporate formalities in accordance with the laws and regulations of the localities where they are situated. *See* Declaration of James Palastra at 11. Both LLC and LTD have functioning officers and directors with distinct roles that differ from one another. *See Id.* at 5-6. [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

The "time" considered for the test of insolvency is not a single point in time but rather the duration of the contested transactions between the parties. See *Evans*, 30 Mass. App. Ct. at 735, 574 N.E.2d 395 (referring to the "years in question" in deciding whether corporation was insolvent). Neither LLC nor LTD are insolvent, nor have they ever been insolvent throughout the relevant timeframes in this litigation. *See* Declaration of James Palastra at 14.

The focus of capitalization inquiry is on the adequacy of initial funding. *See Evans*, 30 574 N.E.2d 395 at 734, (finding that owners provided the corporation "with the up-front financing needed" to perform its work); *Birbara*, 99 F.3d at 1241 (noting that a corporation sufficiently initially capitalized should not be disregarded simply because it "subsequently fell on hard times" or became insolvent "after a change in the tax laws"). The "pertinent question" is whether capital was "too thin" to do the job at hand. *Evans*, 30 574 N.E.2d 395 at 734. ███████████████

███████████████████████████████████████████

███████████████████████

Finally, there is no evidence (nor would there be) that the officers of both LLC and LTD have ever used the respective corporate entities to promote fraud or used the entities as vehicles for personal improper purposes. *See id.* at 16. There is no evidence that any employees of LLC or LTD have used their inter-corporate relationship to perpetrate fraud on anyone, let alone Plaintiffs. *See OMV Assoc., L.P. v Clearway Acquisition, Inc.*, 82 Mass. App. Ct. 561, 566, 976 NE2d 185, 191 (Mass. App. Ct. 2012) (rejecting veil-piercing argument where there was no evidence that defendants used inter-corporate relationship to perpetrate fraud on plaintiff); *see also Greenery Rehabilitation Group, Inc. v. Antaramian*, 36 Mass. App. Ct. 73, 79, 628 N.E.2d 1291 (1994) (buyer's corporate disregard claim futile due to lack of evidence of fraud or deception against seller for its representations about reliability of property's tenants); *TechTarget, Inc. v. Spark Design, LLC*, 746 F.Supp.2d 353, 357 (D. Mass. 2010) (no allegations that parent's pervasive control of subsidiary was used to deceive or manipulate plaintiff). Because there is no evidence of improper purpose or fraud here, Plaintiffs' alter ego claim must also fail.

However, it is not Defendants who bear the burden of providing evidence of these factors. *See Carballo–Rodriguez v. Clark Equipment Co.*, 147 F.Supp.2d 63, 65 (D.P.R. 2001) ("Where a

party seeks to hold a parent company liable for the actions of a subsidiary, 'that party carries the burden of overcoming the presumption of separateness by *clear evidence*.'") (citing *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 905 (1st Cir. 1980)) (emphasis added). Setting aside that Plaintiffs' last-second pivot to an alter ego theory of liability is untimely, Plaintiffs have not come close to establishing the high bar for overcoming the presumption of corporate separateness. Indeed, the First Circuit has cautioned that the alter ego doctrine "is not a formalistic mechanism for reflexively regarding distinct jural entities as legally interchangeable whenever the entities' relationship is marked by a sufficient number of the doctrine's characteristic criteria." *Mass. Carpenters Cent. Collection Agency v. A.A. Bldg. Erectors, Inc.*, 343 F.3d 18, 21 (1st Cir. 2003). Rather, "the doctrine is a tool to be employed when the corporate shield, if respected, would inequitably prevent a party from receiving what is otherwise due and owing from the person or persons who have created the shield." *Id.* at 21-22.

Critically, Plaintiffs have not provided evidence sufficient to causally link LTD's alleged control of LLC to Plaintiffs' alleged injury, and certainly not in a manner that could be found grossly inequitable. *See Scott v. NG U.S. 1, Inc.*, 450 Mass. at 768, 881 N.E.2d 1125 (corporate disregard "requires a determination that the parent corporation directed and controlled the subsidiary, and *used it for an improper purpose*") (emphasis added). Plaintiffs have utterly failed to prove that respecting the separate corporate nature of LTD and LLC would prevent Plaintiffs from recovery. As such, alter ego doctrine should not apply here.

**C.    Treating Reveal LTD and Reveal LLC as One Entity on the Verdict Form Would Significantly Prejudice Defendants.**

A verdict form must be "reasonably capable of an interpretation that would allow the jury to address all factual issues essential to judgment." *Sanchez–Lopez v. Fuentes–Pujols*, 375 F.3d 121, 134 (1st Cir. 2004) (quoting *Sheek v. Asia Badger, Inc.*, 235 F.3d 687, 699 (1st Cir. 2000)).

The jury should weigh such acts and proof separately before assigning liability or damages to each defendant. *See, e.g. Cape Cod Food Products v Natl. Cranberry Ass'n*, 119 F Supp 900, 916 (D. Mass. 1954) (instructing jury by stating: "let me emphasize in the forms of the verdict that you must consider each defendant's case separately, each corporation separately, each individual separately.").Here that means a verdict form that allows the jury to assess liability for the different causes of action and allegations attributable to each of Reveal Lasers LLC and Reveal Lasers Ltd.

Otherwise, oversimplification of verdict forms in cases with multiple parties can lead to serious error. For example, in *Walden v. City of Providence*, the First Circuit held that an underlying verdict form "repeatedly failed to differentiate between the plaintiffs on various counts, forcing the jury to choose between finding for all or none of the plaintiffs and relieving individual plaintiffs of the burden of proving their own cases," and as a result deprived the jury of the ability to "differentiate between plaintiffs on nearly every element." 596 F3d 38, 62 (1st Cir. 2010). Thus, complex cases such as this one merit individualized verdict forms that differentiate each cause of action against each Defendant.

Here, treating Reveal LTD and Reveal LLC as one entity on the verdict form would significantly prejudice Defendants. For example, Plaintiffs have brought a claim for violation of the Defend Trade Secrets Act against both Reveal LLC *and* Reveal LTD. An essential element of any DTSA claim is establishing that the alleged trade secret was made for a product intended for interstate commerce. 18 U.S.C. § 1836(b)(1). █████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

14

[REDACTED]

[REDACTED]

Similarly, Plaintiffs have brought claims of deceptive trade practices in violation of M.G.L. c. 93A against both Reveal LLC *and* Reveal LTD. As such, Plaintiffs must establish that the actionable activity occurred "in the conduct of trade or commerce." Clearly, the applicability of the M.G.L. c. 93A to Reveal LTD differs greatly from Reveal LLC as an entity that did not exist (and was obviously not engaging in trade or commerce) at the time that Plaintiffs incorrectly allege that deceptive activity took place. Likewise, M.G.L. c. 93A requires that the actions and transactions underlying the claims did occur "primarily and substantially" within the state of Massachusetts. *See* Mass. Gen. Laws ch. 93A, § 11. As stated above, LTD operates exclusively outside of North America, and as such does not do business in Massachusetts. As such, both LLC and LTD would be prejudiced, for different reasons, where the jury's determination as to the trade or commerce element is indiscriminately applied to both entities equally. A similar problem applies to Plaintiffs' misplaced application of vicarious liability – treating LTD and LLC as one entity would significantly prejudice LLC where alleged acts "done in service of or for the benefit of" LTD are extended to LLC, despite LLC not existing at the time of the alleged acts in question.

Likewise, Plaintiffs have brought numerous tort and contract claims against *both* Reveal LLC and Reveal LTD where the claimed damages are based, in part, on the comparability of products between Plaintiffs' and Defendants' products. [REDACTED]

[REDACTED]

[REDACTED]. Given Plaintiffs' failure to undertake any comparability analysis for Reveal LTD, Defendants would suffer significant prejudice if they are treated as one entity on the verdict form. Accordingly, there should

be separate lines on the jury charge for all four Defendants so that the jury can assign liability and damages, if any, to each respective defendant. *See* Dkt. 541.

Finally, condensing Reveal Lasers LLC and Reveal Lasers Ltd into one entity on the verdict form does not meaningfully reduce the complexity of the case or the questions presented to the jury. Rather, the reduction would simply result in three lines on the form instead of four.  By contrast, allowing a verdict form that treats Reveal LTD and LLC as one entity would increase the likelihood of error and significantly prejudice Defendants for all the reasons noted above.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court consider the legal principles and positions articulated by Defendants in this trial brief, accept Defendants' proposed verdict form, and treat Reveal LLC and Reveal LTD as separate entities at trial.

Dated: June 7, 2024                    Respectfully Submitted,

DEFENDANTS,

By their attorneys,

/s/ A. Madison Dini
Gerald B. Hrycyszyn, BBO# 675201
Michael A. Albert, BBO# 558566
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
ghrycyszyn@wolfgreenfield.com
michael.albert@wolfgreenfield.com

A. Madison Dini (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
717 Texas Avenue, Suite 3100
Houston, Texas 77002
Telephone: (713) 422-2121
Facsimile: (713) 383-6151
mdini@mrllp.com

Ashley N. Moore (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
300 Crescent Court, Suite 1700
Dallas, Texas 75201
Telephone: (214) 273-4050
Facsimile: (214) 853-4113
amoore@mrllp.com

Enrico S. Trevisani (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
605 Third Avenue, 30th Floor
New York, New York 10158
Telephone: (212) 730-7700
Facsimile: (212) 730-7725
etrevisani@mrllp.com

## **CERTIFICATE OF SERVICE**

I, A. Madison Dini, hereby certify that on June 7, 2024, a copy of the foregoing document was served on counsel for all appearing parties via the ECF filing system.

*/s/ A. Madison Dini*
A. Madison Dini

17