UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, a Delaware limited liability company; and LOTUS PARENT, INC., a Delaware corporation;<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL LASERS LLC; a Nevada limited liability company, *et al*.<br><br>Defendants. | Civil Action No. 1:22-cv-11176-PBS |

**JOINT SUBMISSION REGARDING ENTRY OF
TRIAL MANAGEMENT ORDER**

Plaintiffs Cynosure LLC and Lotus Parent, Inc. ("Cynosure" or "Plaintiffs") and Defendants Reveal Lasers LLC, et al. ("Reveal" or "Defendants") submit this Joint Submission Regarding Entry of Trial Management Order. Both parties agree to Sections 1-3, 8(a)-(d), and 9; however, the parties disagree regarding Sections 4-7 and 8(e). The parties respectfully request that the Court help resolve the Parties' disputes regarding the following trial management issues:

1. **August 31, 2024** – The parties will exchange opening demonstratives by 6:00p.m. EST.

2. **September 1, 2024** – The parties will exchange objections to opening demonstratives by 6:00p.m. EST.

3. **September 2, 2024** – The parties will meet and confer on objections to opening demonstratives by 6:00p.m. EST.

4. **Disclosure of witnesses called for direct or adverse cross examination**:

    *Plaintiffs' Submission (differences in bold and underlining):*

    a. Out-of-state witnesses must be disclosed by 3:00 p.m. EST **two (2)** days before a witness is called (either for direct examination or, in the case of an adverse witness, called for "cross" examination).

    b. In-state witnesses, Chris Chambers, and/or Bob Daley must be disclosed by 3:00 pm EST **one (1)** day before a witness is called (either for direct examination or, in the case of an adverse witness, called for "cross" examination).

*Defendants' Submission (differences in bold and underlining):*

    a. Out-of-state witnesses must be disclosed by 3:00p.m. EST **three (3)** days before a witness is called (either for direct examination or, in the case of an adverse witness, called for "cross" examination).

    b. In-state witnesses, Chris Chambers, and/or Bob Daley must be disclosed by 3:00p.m. EST **two (2)** days before a witness is called (either for direct examination or, in the case of an adverse witness, called for "cross" examination).

5. **Disclosure of exhibits, demonstratives, and deposition designations**:

    *Plaintiffs' Submission (differences in bold and underlining)*:

    a. All exhibits and demonstratives must be identified and exchanged by **4:00 pm EST the day** before the testimony. *See* 2024.08.07 Transcript at 13:10-17. If a party calls the other side's witness in its case, that will be considered "cross" and no exhibits will need to be disclosed. However, the other side will **need to disclose any exhibits they intend to use for that witness's "direct" examination by 4:00 pm EST the day before the testimony.**

    b. Objections **that vary from objections already made** must be exchanged by 7:00 pm EST the day before the testimony.

    c. All parties will be required to bring witness binders of the identified and exchanged exhibits for each witness prior to the witness testifying.

    d. Deposition designations (for any witness who will be presented via deposition) must be exchanged to the Court and the other side **at least two (2) full working days** in advance of when the party plans to show them, per the Court's direction.

    *Defendants' Submission (differences in bold and underlining)*:

    a. All exhibits and demonstratives **that an identified witness may rely on** must be exchanged by **5:00p.m. EST two days** before the testimony. If a party calls the other side's witness in its case, that will be considered "cross" and no exhibits will need to be disclosed. However, the other side will **make best efforts to identify exhibits to use for that witness's redirect examination by 8:00p.m. EST the day before the testimony. This does not preclude the other side from using additional documents not previously identified in order to rehabilitate the witness after cross examination.**

    b. Objections **to the proposed exhibits and demonstratives for the identified witness** must be exchanged by 7:00p.m. EST the day before the testimony.

    c. All parties will be required to bring witness binders of the identified and exchanged exhibits for each witness prior to the witness testifying.

    d. Deposition designations (for any witness who will be presented via deposition) must be exchanged to the Court and the other side **by 5:00p.m. EST two (2) days** in advance of when the party plans to show them.

6. **Opposing party's use of demonstratives**:

    *Plaintiffs' Submission*: Plaintiffs believe that any demonstratives used by one side should be available to be used by the other side.

    *Defendants' Submission*: Demonstrative exhibits exchanged pursuant to the schedule set forth herein may not be used by an opposing party until such demonstrative exhibits have been offered during trial by the disclosing party.

7. **Cross examination exhibits and demonstratives**:

    *Plaintiffs' Submission (differences in bold and underlining):*

        a. The parties agree that they should not be required to exchange exhibits to be used only for cross-examination.

        b. **Plaintiffs propose that any demonstratives used in cross should be disclosed by 4:00 pm EST the day before the testimony to allow for objections by 7:00 pm EST.**

    *Defendants' Submission (differences in bold and underlining):*

        a. The parties agree that they should not be required to exchange exhibits to be used only for cross-examination.

        b. **The parties shall not be required to exchange demonstratives used only for cross examination.**

8. **For witnesses presented via deposition**:

    *Joint Submission:*

        a. If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together.

b.  Each party is responsible for providing a timed report of the deposition designations to counsel prior to the designations being played at trial.

c.  Deposition counter-designations will be counted against the counter-designator's time. The time allotted by the Court for each side's presentation shall be reduced by the length of its respective designations.

d.  Nothing herein shall preclude a party from using deposition testimony at trial for purposes of impeachment, to the extent allowed by the Federal Rules of Evidence.

***Plaintiffs' Submission***: To the extent appropriate to allow the jury to understand the witnesses' deposition testimony, objections or exchanges between counsel may be played or read for the jury.

***Defendants' Submission***: No objections or exchanges between counsel during the witness' deposition will be played or read for the jury.

9.  **Closing arguments**:

One (1) day before closing arguments:

a.  5:00p.m. EST – Parties must exchange demonstrative exhibits not previously presented to the jury and that will be used during closing argument by this date and time.

b.  7:00p.m. EST – Parties must exchange objections to demonstrative exhibits not previously presented to the jury and that will be used during closing argument by this date and time.

c.  8:00p.m. EST – Parties must meet and confer on objections to demonstrative exhibits not previously presented to the jury and that will be used during closing argument by this date and time.

d.  9:00p.m. EST – Parties must file with the Court any unresolved disputes relating to demonstrative exhibits not previously presented to the jury and that will be used during closing argument by this date and time.

Dated: August 31, 2024.　　　　　　　　　Respectfully Submitted,

DEFENDANTS,

By their attorneys,

/s/ A. Madison Dini
Gerald B. Hrycyszyn, BBO# 675201
Michael A. Albert, BBO# 558566
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
ghrycyszyn@wolfgreenfield.com
michael.albert@wolfgreenfield.com

A. Madison Dini (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
717 Texas Avenue, Suite 3100
Houston, Texas 77002
Telephone: (713) 422-2121
Facsimile: (713) 383-6151
mdini@mrllp.com

Enrico S. Trevisani (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
605 Third Avenue, 30th Floor
New York, New York 10158
Telephone: (212) 730-7700
Facsimile: (212) 730-7725
etrevisani@mrllp.com

Ashley N. Moore (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Ashley.Moore@gtlaw.com

Dated: August 31, 2024

Respectfully submitted,

CYNOSURE, LLC

LOTUS PARENT, INC.

By their attorneys,

*/s/ Joseph Farris*
Dipanwita Deb Amar
Joseph Farris
Matthew Diton
dipanwita.amar@arnoldporter.com
joseph.farris@arnoldporter.com
matthew.diton@arnoldporter.com
*Admitted Pro Hac Vice*

Joshua S. Barlow (SBN: 667472)
Fred A. Kelly Jr. (SBN: 544046)
ARNOLD & PORTER KAYE SCHOLER
200 Clarendon Street, 53rd Floor
Boston, MA 02116
Joshua.barlow@arnoldporter.com
Fred.kelly@arnoldporter.com
T: +1 617.351.8050
F: +1 627.226.9199

## CERTIFICATE OF SERVICE

I, A. Madison Dini, hereby certify that on August 31, 2024, a copy of the foregoing document was served on counsel for all appearing parties via the ECF filing system.

*/s/ A. Madison Dini*
A. Madison Dini

6