UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, a Delaware limited liability company; and LOTUS PARENT, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>REVEAL LASERS LLC; a Nevada limited liability company, *et al.*,<br><br>        Defendants. | Civil Action No. 1:22-cv-11176-PBS |

**DEFENDANTS' MOTION FOR CLARIFICATION OF JURY VERDICT**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 3
THE VERDICT .................................................................................................................... 4
LEGAL FRAMEWORK ....................................................................................................... 5
ARGUMENT ......................................................................................................................... 6
I.   THE JURY AWARDED A TOTAL OF $15 MILLION IN COMPENSATORY DAMAGES ............................................................................................................. 6
     A.   Jury Instructions ............................................................................................ 6
     B.   Cynosure's Damages Expert ......................................................................... 7
     C.   Cynosure's Closing Argument ...................................................................... 7
     D.   Analysis and Conclusion ............................................................................... 8
II.  THE EVIDENCE DOES NOT SUPPORT AN AWARD OF ADDITIONAL DAMAGES AGAINST DALEY AND CHAMBERS ........................................................... 9
III. DEFENDANTS RESERVE THE RIGHT TO CHALLENGE THE VERDICT AS EXCESSIVE AND ON OTHER GROUNDS ................................................... 9
CONCLUSION ..................................................................................................................... 10

Defendants Reveal Lasers LLC, Reveal Lasers, Ltd., Robert Daley, and Christopher Chambers ("Defendants") respectfully move this Court to clarify the total amount of compensatory damages to which plaintiffs Cynosure, LLC and Lotus Parent, Inc. ("Cynosure") are entitled based on the jury verdict. Defendants contend the jury awarded $15 million in compensatory damages against Reveal Lasers LLC and Reveal Lasers, Ltd. (collectively "Reveal"), of which $5 million was also awarded against each of the two individual defendants jointly and severally with Reveal, making a total compensatory damages award of $15 million.

## **INTRODUCTION**

The jury awarded Cynosure $15 million in compensatory damages for lost profits against Reveal in response to question 7 and $5 million in damages against each of the two individual defendants, Daley and Chambers, in response to questions 10 and 12. When the verdict is properly interpreted, the $15 million award against Reveal is the total award of compensatory damages and includes the $5 million awarded against each individual defendant, resulting in a $15 million verdict, excluding punitive damages.

The verdict should be interpreted in light of the jury instructions, the evidence presented, and the argument of counsel. Instruction No. 13 states that a corporate entity acts through and is responsible for the acts of its employees and agents. Reveal therefore is legally responsible for acts committed by its employees, including Daley, Chambers, and other individual defendants not yet tried. Realizing this, Cynosure sought damages for lost profits purportedly caused by the solicitation of Cynosure's employees ***in aggregate*** without distinguishing between the individual defendants as to who caused what lost profits. Cynosure's damages expert and their closing argument both took this approach. The $15 million award constitutes the jury's finding as to the total lost profits caused by all individuals acting on Reveal's behalf, and the two $5 million awards

3

are the jury's findings as to what portion of the total amount Daley and Chambers are responsible for.

Moreover, the evidence presented at trial does not support an award of lost profits against the individual defendants in addition to the lost profits awarded against Reveal.

The $15 million award against Reveal is inclusive of the two $5 million awards against Daley and Chambers. The judgment when entered should award $15 million in compensatory damages against Reveal, $5 million in damages against Daley jointly and severally with Reveal, and $5 million in damages against Chambers jointly and severally with Reveal.[1]

## **THE VERDICT**

The jury made the following findings:

Daley and Chambers each breached several provisions of their contracts with Cynosure, resulting in harm to Cynosure (question 1). (Dkt. 646:1–4.)

Defendants tortiously interfered with Cynosure's contractual relations with its employees, resulting in harm to Cynosure (question 2). (Dkt. 646:5.)

Defendants did not tortiously interfere with Cynosure's contractual relations with SinoPharm (question 3). (Dkt. 646:5–6.)

Daley and Chambers breached their fiduciary duty of loyalty owed to Cynosure, resulting in harm to Cynosure, and Reveal Lasers, Ltd. aided and abetted those breaches (question 4). (Dkt. 646:7.)

Reveal and Daley misappropriated trade secrets, but the misappropriation caused no harm to Cynosure (question 5). (Dkt. 646:8.)

---

[1] Defendants only seek to clarify the verdict in this motion for clarification rather than challenge the verdict on grounds of excessiveness. Any challenge on grounds of excessiveness or other grounds will be made in an appropriate postjudgment motion.

Defendants engaged in a conspiracy to tortiously interfere with Cynosure's contractual relations with its employees, breach a fiduciary duty of loyalty owed to Cynosure, and/or misappropriate trade secrets (question 6). (Dkt. 646:9.)

Cynosure suffered $15 million in lost profits resulting from Reveal's unlawful conduct (question 7). (Dkt. 646:10.) Specifically, the jury responded "$15,000,000" to question 7:

> What sum of money would fairly and reasonably compensate Cynosure for the lost profits it suffered as a result of Reveal Lasers LLC's and/or Reveal Lasers Ltd.'s unlawful conduct?

Cynosure suffered $5 million in lost profits resulting from Daley's unlawful conduct (question 10). (Dkt. 646:10.) Specifically, the jury responded "$5,000,000" to question 10:

> What sum of money would fairly and reasonably compensate Cynosure for the lost profits it suffered as a result of Robert Daley's unlawful conduct?

Cynosure suffered $5 million in lost profits resulting from Chambers' unlawful conduct (question 12). (Dkt. 646:11.) Specifically, the jury responded "$5,000,000" to question 12:

> What sum of money would fairly and reasonably compensate Cynosure for the lost profits it suffered as a result of Christopher Chambers' unlawful conduct?

The jury also awarded $225,000 in punitive damages against Daley in response to question 12 ("If you answered 'yes' to Question 16, what additional amount of punitive damages do you award against Robert Daley for breach of contract?"). (Dkt. 646:17.)

## **LEGAL FRAMEWORK**

A court should interpret a verdict in light of the entire trial record, including the jury instructions, the evidence presented, and the argument of counsel, in an effort to resolve any potential ambiguity. *Sharp v. Hylas Yachts, LLC*, 872 F.3d 31, 46–49 (1st Cir. 2017) (interpreting verdict in light of instructions and evidence); *Boston Gas Co. v. Century Indem. Co.*, 588 F.3d 20, 23 (1st Cir. 2009) ("it is for the district court in the first instance to interpret the jury's verdict"); *Putnam Resources v. Pateman*, 958 F.2d 448, 455 (1st Cir. 1992) ("verdicts must be construed in

light of the totality of the surrounding circumstances, including the court's instructions").

District courts have broad discretion to interpret jury verdicts. *Telcordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1378 (Fed. Cir. 2010) ("District courts have broad discretion to interpret an ambiguous verdict form, because district courts witness and participate directly in the jury trial process"); *Servs. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 718 F.3d 1036, 1051 (9th Cir. 2013) (reviewing district court's interpretation of a verdict for abuse of discretion).

## ARGUMENT

**I.    THE JURY AWARDED A TOTAL OF $15 MILLION IN COMPENSATORY DAMAGES**

Consideration of the jury instructions, the evidence presented at trial, and closing argument compels the conclusion that the $15 million compensatory damages award against Reveal encompasses the lost profits purportedly caused by all individual defendants, including Daley and Chambers, so the $5 million awards against the two individual defendants are not additional damages.

**A.    Jury Instructions**

The court instructed, "A corporate entity is an artificial person . . . [that] can act only through its officers, employees, and agents." (Trial Tr. 18-20:2–6 [Instr. No. 13, ¶ 1].) The court instructed further, "A corporate entity is legally responsible for any acts committed by its employees within the scope of their employment." (Trial Tr. 18-20:7–8 [Instr. No. 13, ¶ 2].) Based on these instructions, the jury understood that Reveal was responsible for misconduct committed by its employees, including all former Cynosure employees who went to work for Reveal.

The court instructed on damages:

> If you find that Cynosure has proven lost profits, you must determine how much of those profits is attributable to any unlawful conduct by Reveal Lasers LLC and/or Reveal Lasers Ltd.  If you find lost profits attributable to unlawful conduct by Reveal Lasers LLC and/or Reveal Lasers Ltd., you must decide how much of those

> profits (if any) is attributable specifically to any tortious interference by Reveal Lasers Ltd. with Cynosure's contractual relations with SinoPharm and to any misappropriation of trade secrets by either Reveal Lasers LLC or Reveal Lasers Ltd. You must also determine what lost profits are attributable to any unlawful conduct committed by Mr. Daley and to any unlawful conduct committed by Mr. Chambers.

(Trial Tr. 18-44:16–18-45:2 [Instr. 42, ¶ 4].)

### B. Cynosure's Damages Expert

Cynosure's damages expert Bruce McFarlane calculated an aggregate amount of lost profits purportedly caused by all former Cynosure employees who went to work for Reveal without attributing any part of those lost profits to any individual defendant. McFarlane's $64,145,878 lost profits estimate was based on the difference between Cynosure's projected and actual revenue from May 2022 through April 2024, multiplied by an incremental profit margin. (Trial Tr. 14-17:8–14-19:6, 14-42:8–14.) McFarlane also presented an alternative estimate based on the same calculation from May 2020 to November 9, 2022, the date of the injunction. (Trial Tr. 14-42:20–14-43:12.)

McFarlane did not estimate the lost profits purportedly caused by Daley, Chambers, or any particular individual. Instead, McFarlane's lost profits estimates were based on the assumption that the lost profits during the applicable time period were caused by the alleged misconduct of all former Cynosure employees who went to work for Reveal, including Daley, Chambers, and others.

### C. Cynosure's Closing Argument

Cynosure's counsel in closing argument cited the same $64 million damages figure presented by McFarlane. (Trial Tr. 17-211:16–17.) Counsel did not argue that Daley and Chambers caused lost profits in addition to the lost profits for which Reveal purportedly was responsible.[2] To the contrary, counsel requested a total of $74 million, including $64 million for

---

[2] Plaintiffs' counsel never sought to quantify the amount of lost profits purportedly caused by Daley or Chambers.

lost profits and an additional $10 million for Sinopharm.[3]  (Trial Tr. 17-211:15–19; 17-253:22–24.)

Cynosure's counsel expressly acknowledged that there were no additional compensatory damages.  Counsel requested a total of $74 million in compensatory damages and stated that the remaining questions on compensatory damages were "just subsets" of that total figure:

> "You do that [award $74 million in damages], that encompasses all of our damages.  The remainder are just subsets.  We're not asking for a doubling or tripling of all these damages.  ***$74 million is the total we are asking for.***  And then, on the next pages, you'll be asked about punitive damages."

(Trial Tr. 17-253:24–17-254:3, emphasis added.)

Thus, Cynosure sought a total of $64 million in lost profits and did not seek any additional lost profits against Daley and Chambers.  Instead, Cynosure's counsel asked the jury to determine what portion of the total lost profits (i.e., "subset") was caused by Daley and Chambers.

### D. Analysis and Conclusion

The jury instructions, expert testimony, and Cynosure's closing argument all support the same conclusion.  They indicate that the jury understood that Cynosure sought to hold Reveal liable for all lost profits purportedly resulting from the alleged misconduct by all former Cynosure employees who later worked for Reveal and sought to hold Daley and Chambers liable for a portion of those same lost profits.

Cynosure never argued or suggested that lost profits resulting from the misconduct of individual Reveal employees, such as Daley and Chambers, were in addition to lost profits caused by Reveal.  Such an argument would have directly contradicted the instruction that Reveal was responsible for misconduct committed by its employees.  Moreover, Cynosure's counsel made it

---

[3] The jury found that Plaintiffs failed to prove their claim for tortious interference with contractual relations relating to SinoPharm and awarded no damages on the claim.  (Dkt. 646:6.)

8

clear in closing argument that the lost profits requested against Reveal included any lost profits requested against the individual defendants.[4]

The record compels the conclusion that the $15 million compensatory damages award against Reveal includes lost profits purportedly caused by all Reveal employees, that the $5 million awards against Daley and Chambers are a portion of the larger $15 million award, and that the jury found Daley and Chambers each responsible for $5 million in damages jointly and severally with Reveal.

## II. THE EVIDENCE DOES NOT SUPPORT AN AWARD OF ADDITIONAL DAMAGES AGAINST DALEY AND CHAMBERS

There is another reason to conclude that the lost profits awarded against Daley and Chambers are portions of the lost profits awarded against Reveal: There was no basis for the jury to award any lost profits against Daley and Chambers in addition to those awarded against Reveal. Cynosure presented purported evidence of total lost profits based on the difference between Cynosure's projected and actual revenue. But Cynosure presented no evidence of lost profits caused by the conduct of any particular individual and made no effort to quantify lost profits caused by each individual defendant.

Any award of damages against Daley and Chambers in addition to the damages awarded against Reveal would be unsupported by the evidence. This Court should interpret the verdict in a manner consistent with the evidence presented and should not interpret the verdict in a manner not supported by the evidence.

## III. DEFENDANTS RESERVE THE RIGHT TO CHALLENGE THE VERDICT AS EXCESSIVE AND ON OTHER GROUNDS

---

[4] Although the damages instruction itself did not clarify the point, consideration of the instruction that Reveal was responsible for misconduct committed by its employees, the expert testimony, and closing argument compels the conclusion that the $15 million award against Reveal includes the two $5 million awards against Daley and Chambers.

Defendants reserve the right to challenge the verdict on grounds of excessiveness and other grounds by filing appropriate motions after entry of judgment.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court interpret the verdict to mean that the jury found that Cynosure suffered a total of $15 million in lost profits as a result of Defendants' misconduct and that the $15 million in lost profits suffered as a result of Reveal's misconduct includes $5 million in lost profits suffered as a result of Daley's misconduct and $5 million in lost profits suffered as a result of Chambers' misconduct.

Dated: October 18, 2024.

Respectfully Submitted,

DEFENDANTS,

By their attorneys,

*/s/ A. Madison Dini*
Gerald B. Hrycyszyn, BBO# 675201
Michael A. Albert, BBO# 558566
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646
ghrycyszyn@wolfgreenfield.com
michael.albert@wolfgreenfield.com

A. Madison Dini (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
717 Texas Avenue, Suite 3100
Houston, Texas 77002
Telephone: (713) 422-2121
Facsimile: (713) 383-6151
mdini@mrllp.com

Enrico S. Trevisani (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
605 Third Avenue, 30th Floor
New York, New York 10158
Telephone: (212) 730-7700

Facsimile: (212) 730-7725
etrevisani@mrllp.com

Ashley N. Moore (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Ashley.Moore@gtlaw.com

## **CERTIFICATE OF SERVICE**

I, A. Madison Dini, hereby certify that on October 18, 2024, a copy of the foregoing document was served on counsel for all appearing parties via the ECF filing system.

*/s/ A. Madison Dini*
A. Madison Dini