UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, eta al.<br><br>    Plaintiff,<br><br>v.<br><br>REVEAL LASERS LLC, et al.<br><br>    Defendants. | Civil Action No.: 1:22-cv-11176-PBS |

**OPPOSED MOTION FOR LEAVE TO WITHDRAW APPEARANCE OF
<u>GREENBERG TRAURIG AS COUNSEL OF RECORD</u>**

**I.      INTRODUCTION**

Pursuant to Local Rule 83.5.2(c), Ashley Moore of the law firm Greenberg Traurig, LLP ("GT"), hereby moves for leave to withdraw her appearance of record on behalf of Defendants in the above-referenced litigation. As explained below, GT has established good cause for the withdrawal. In a final conversation with Mr. Eyal Buchbinder of Reveal, on February 20, 2025, undersigned counsel explained that if payment were not forthcoming, she would have to withdraw from representation. Ex. 1 at ¶ 5. Mr. Buchbinder indicated that no payment was in progress and that he did not oppose withdrawal. *Id.* Cynosure, however, had indicated it opposes this Motion because it allegedly needs further supporting information. GT has provided as much information as is necessary and/or approved by Mr. Buchbinder, and it is detailed in this Motion. GT will serve a copy of this Motion on all parties contemporaneously with the filing of this Motion. In support of her Motion, undersigned counsel shows the Court as follows:

**II.     LEGAL STANDARD**

"'[A]n attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court[.]'" *Lieberman v. Polytop Corp.*, 2 F. App'x 37, 39-40 (1st Cir. 2001). In making this decision, courts first turn to Local Rule 83.5.2(c). Rule 83.5.2(c) allows an attorney, when: "(A) any motion is pending in the case; (B) a trial date has been set; (C) an evidentiary hearing has been set; or (D) any reports, written or oral, are due[,]" to "seek leave of court to withdraw his or her appearance for good cause shown." L.R. 83.5.2(c)(1) and (2). Courts construe "good cause" by looking to Rule 1.16(b) of the Massachusetts Rules of Professional Conduct, the rules that govern the conduct of those attorneys practicing and appearing before this court. *See* L.R. 83.6.1.

Rule 1.16(b) allows withdrawal from representation if: "(1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists." *See* Rule 1.16(b). Consistent with Rule 1.16(b), courts in this district have permitted withdrawal where a client has failed to pay the attorney's fees as agreed. *See Hammond v. T.J. Litle & Co.*, 809 F. Supp. 156, 162 (D. Mass. 1992) (granting withdrawal where client disregarded his fee obligations); *Lieberman*, 2 F. App'x at 39-40 (reversing denial of motion to withdraw for non-payment of $80,000 in fees despite being near trial date) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985)); *Metro. Prop. & Cas. Ins. Co. v. Savin Hill Fam. Chiropractic, Inc.*, 2018 WL 4870903, at *1 (D. Mass. 2018), report and recommendation adopted sub nom. *Metro. Prop. & Cas. Ins. Co. v. Hill*, 2018 WL 4924604 (D. Mass. 2018) (holding "[a] client's failure to pay attorney's fees may support the withdrawal of counsel").

When good causes rests on a failure to pay fees, courts may also balance certain factors such as: "(1) the amount of work performed and paid for in comparison with the work remaining, (2) fees paid to date, and (3) the likely effect on the client." *Phantom Ventures LLC v. DePriest*, No. 15-cv-13865-IT, 2017 WL 1147448, at *1 (D. Mass. Mar. 27, 2017) (quoting *Hammond*, 809 F. Supp. at 161). Applying these principles and exercising such discretion, courts have permitted withdrawal where, as here, a party has failed to fulfill its significant financial obligations to its counsel.

### III.  ARGUMENT

Withdrawal is permitted (and necessary) here because Defendants have not met their obligations to GT, pursuant to their engagement agreement, to pay incurred fees and expenses. *See* Mass. R. Prof. Conduct 1.16(b)(5) (permitting withdrawal where client "fails substantially to fulfill an obligation") & (b)(6) ("unreasonable financial burden on the lawyer"). That engagement letter states that "GT may withdraw from this engagement if: (1) you (i) have not paid our fees or expenses." Defendants have not paid any invoice in full since August 2024, and currently owe GT a significant amount for services previously rendered and for expenses incurred on Defendants' behalf. This includes the entirety of the pre-trial, trial, and post-trial work already performed by GT, all of which are over 60 days past due.[1]

Undersigned counsel has at all times acted in Defendants' best interest, even to her own financial detriment. Counsel refrained from withdrawal during trial and in the midst of post-trial briefing on the verdict form interpretation and Cynosure's 93(A) allegations. Counsel moves to withdraw now because the parties are only waiting on orders associated with the above briefing, because there are no other pending deadlines, and based on the potential issues noted in the withdrawal papers of Michelman & Robinson. Of course, undersigned counsel will assist and cooperate with Defendants and any new or substitute counsel of their choice to effect an orderly transition of the matter. Thus, a withdrawal at this point will not cause undue burden or prejudice to the parties in this case. *See, e.g., International Floor Crafts, Inc. v. Adams*, 529 F.Supp.2d 174, 176 (D. Mass. Dec. 12, 2007).

---

[1] Greenberg Traurig will submit these invoices *in camera* if the Court so desires. *See* Mass. Bar Ass'n, Ethics Op. 96-3 (March 1996) (lawyer moving to withdraw on grounds of nonpayment of fee authorized to provide "minimal amount of confidential information to achieve his objective").

Despite being obligated to pay GT's fees (or obtain another funding source), Defendants have not done so. Undersigned counsel has had multiple conferences and communications with Defendants between November 4, 2024 and February 20, 2025 regarding payment of outstanding invoices, potential payment schedules, and retainers for future work. *See generally* Ex. 1. Undersigned counsel also explained the consequences of Defendants' failure to fulfill its payment obligations, including withdrawal. *Id.* Defendants were nevertheless unable to commit to (1) a payment schedule, (2) any further payment toward outstanding invoices, (3) and/or a retainer toward any future work that must be done. *Id.* On February 20, 2025, undersigned counsel held a final telephone conference with Mr. Eyal Buchbinder requesting payment and explaining that she would have to withdraw if payment were not forthcoming. *Id.* at ¶ 5. Mr. Buchbinder could not commit to any payments and stated he would not oppose withdrawal. *Id.*

Under these circumstances, withdrawal is warranted. In *Cozy, Inc. v. Dorel Juvenile Group, Inc.*, the Court found the issue of nonpayment supported withdrawal, especially when continued representation in a complex litigation "would constitute an 'unreasonable' and 'undue financial burden' and would only drive the fees owed in this case even higher." 711 F.Supp.3d 19, 23 (D. Mass. Jan. 11, 2024) (citing *Phantom*, 2017 WL 1147448 at *1 (quoting *Hammond*, 809 F.Supp. at 161))). Courts in this District have allowed withdrawal even when a corporation does not have substitute counsel and does not intend to hire new counsel. *See, e.g., Island Oasis Frozen Cocktail Co., Inc. v. NUCO USA LLC*, 2012 WL 13055386, *2 (D. Mass. Feb. 28, 2012); *Simmons v. Pilaster Digital LLC*, 2021 WL 11708285, *2 (D. Mass. Nov. 29, 2021) (noting grant of motion to withdraw with time for Pilaster to engage successor counsel or face a default judgment). Undersigned counsel therefore requests that the Court grant this Motion to Withdraw.

IV.     **CONCLUSION**

    Accordingly, GT respectfully requests that this Court enter an Order granting this Motion to Withdraw.

Dated: February 24, 2025                              Respectfully Submitted,

                                                              */s/ Ashley N. Moore*
                                                               Ashley N. Moore (admitted *pro hac vice*)
                                                               GREENBERG TRAURIG, LLP
                                                              2200 Ross Avenue, Suite 5200
                                                              Dallas, Texas 75201
                                                               Telephone: (214) 665-3600
                                                               Facsimile: (214) 665-3601
                                                               Ashley.moore@gtlaw.com

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

  I hereby certify that on February 20th and February 21st, I attempted in good faith to narrow or resolve the issues raised in this Motion with opposing counsel via email. On February 21st, opposing counsel indicated, via email, that they opposed this Motion. I also called opposing counsel on February 24th to narrow or resolve the issues; however, opposing counsel did not return my call or voicemail before the filing of this Motion.

                 */s/ Ashley Moore*

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and will be provided to Defendants via e-mail on February 24, 2025.

                 */s/ Ashley Moore*