UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, eta al.<br><br>          Plaintiff,<br><br>v.<br><br>REVEAL LASERS LLC, et al.<br><br>          Defendants. | Civil Action No.: 1:22-cv-11176-PBS |

### *EX PARTE* MOTION FOR LEAVE TO FILE SUPPLEMENT TO MOTION FOR LEAVE TO WITHDRAW UNDER SEAL

Pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 7.2, Local Rule 116.6, and the Court's Standing Procedural Civil Order re: Sealing Court Documents (May 15, 2015), Ashley Moore of the law firm of Greenberg Traurig, LLP ("GT"), respectfully moves for leave of Court to file under seal its Supplement to its Opposed Motion for Leave to Withdraw as Counsel of Record filed on February 26, 2025. In support of this Motion, GT states as follows:

1.  In conjunction with this Motion to Seal, GT has filed its Supplement to its Opposed Motion for Leave to Withdraw as Counsel of Record ("Supplement"). The Supplement contains newly-discovered information that identifies a conflict of interest for GT based on its joint representation of Defendants Reveal Lasers, LLC; Reveal Lasers Ltd.; Robert Daley; Christopher Chambers; Cory Murrell; Brogan Bair-Chambers; Joshua Smith; Michael Russo; Kyle Shapero; Jason Kalso; David Krueger; Dean Fiacco; Robert Fiacco; and Daniel Demarco.

2.  In support of that Supplement, undersigned counsel references a variety of information that is currently filed under seal. *See* Dkt. 706. Thus, if the Supplement is disclosed to the public as with a typical court filing, one or more of the person(s)/entity(ies) involved

would incur irreparable harm. *See, e.g., U.S. v. Kravetz*, 706 F.3d 47, 62-64 (1st Cir. 2013) (listing personal privacy and other interests that counsel against disclosure when they cause irreparable harm); *see also Taylor v. Grunigen*, 2022 WL 313970, at *3 (D. Mass. Feb. 2, 2022).

3. Federal Rule of Civil Procedure 26(c) allows a Court, for good cause, to shield the disclosure of confidential information from the public record. There is a limited right of access to civil trial proceedings, but the First Circuit has recognized that this access is limited. *Kravetz*, 706 F.3d at 55; *see also Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("Though the public's right of access to such materials is vibrant, it is not unfettered."). Accordingly, courts in the First Circuit must "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id.*

4. The good cause requirement for the sealing of documents is "flexible." *See Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) (citing *United States v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999) ("Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise . . . [T]he 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case.").

5. In finding good cause under this flexible standard, the Court should consider a balance of interests, including the moving party's privacy interests. *Gill*, 399 F.3d at 402 (1st Cir. 2005) ("In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced.").

6. Here, the Supplement qualifies as appropriate for sealing because the potential for harm significantly outweighs the public's interest in accessing court documents, especially when those documents are unrelated to summary judgment or other adjudicatory documents. *See, e.g.,*

*Taylor*, 2022 WL 313970 at *2; *Kravetz*, 706 F.3d at 62 ("[P]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records.") (citing *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987)).

7. Specifically, the Supplement proposed to be sealed includes information "traditionally considered private rather than public," such as "family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters." *Kravetz*, 706 F.3d at 62 (citing *Standard Fin. Mgmt. Corp.*, 830 F.2d at 411 and *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Absent disclosure of further detail in this Motion, as the specific proposed sealed Supplement is identified in the contemporaneously filed Declaration of Ashley Moore in Support of GT's Motion to Seal under Local Rules 7.2 and 116.6, there are no less onerous alternatives because the information that would need to be redacted is the very information that undersigned counsel is submitting in her Supplement. Furthermore, full disclosure of the Supplement would irreparably harm these individual(s)/entity(ies) as explained above.

8. In light of the foregoing, good cause exists to file the Supplement under seal until further order of the Court.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, undersigned counsel respectfully requests that the Court permit the filing of the Supplement under seal. Sealing the Supplement will not prejudice the parties and will serve the interests of justice and equity in this case. A Proposed Order for Motion for Leave to File Supplement to Motion for Leave to Withdraw Under Seal is contemporaneously filed for the Court's consideration.

Dated: February 26, 2025                              Respectfully Submitted,


                                                      */s/ Ashley N. Moore*
                                                      Ashley N. Moore (admitted *pro hac vice*)
                                                      GREENBERG TRAURIG, LLP
                                                      2200 Ross Avenue, Suite 5200
                                                      Dallas, Texas 75201
                                                      Telephone: (214) 665-3600
                                                      Facsimile: (214) 665-3601
                                                      Ashley.moore@gtlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2025, this document was filed through the ECF system, which then sent a notice of filing to the parties of record.

/s/ *Ashley Moore*