UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, et al.;<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>REVEAL LASERS LLC., et al.;<br><br>　　　　　　　Defendants. | Civil Action No. 1:22-CV-11176-PBS |

**CYNOSURE'S RESPONSE TO MOTIONS TO WITHDRAW**

Per the Clerk's March 4, 2025 email, Cynosure understands that the Court intends to address the various defense counsels' motions and supplemental motions to withdraw at the March 7, 2025 hearing. Cynosure therefore submits this omnibus response to the various motions to provide the Court with its position on the various motions in advance of the hearing:

Defendants had more than enough money to pay six different law firms[1] to represent them over the last two and half years—fighting tooth and nail every step of the way by resisting TROs, injunctions, and discovery, litigating a four-week jury trial, and even more recently filing post-judgment motions that had no basis in law (e.g., the Motion to "Clarify" the Jury Verdict). Now, with this litigation in the proverbial ninth inning, Defendants urge that the Court should delay entry of judgment because they cannot pay their lawyers. The Court should not countenance any further delay in justice. The jury has ruled, and Cynosure's Chapter 93A motion has been fully briefed and argued. All that is left to do is for the Court to issue its order on the Chapter 93A motion and

---

[1] Michelman & Robison, LLP ; Greenberg Traurig, LLP; Wolf, Greenfield & Sacks, PC; Beck Reed Riden LLP; Davis + Gilbert LLP; and Davis Malm & D'Agostine, PC.

enter judgment against Reveal Lasers LTD, Reveal Lasers LLC, Robert Daley, and Christopher Chambers, and then for Cynosure to begin its collection efforts.

Nonetheless, as discussed in more detail in Cynosure's Emergency Motion for Accounting and to Prevent the Dissipation of Assets (Dkt. 706), both Defendants and defense counsel have recently levied alarming allegations of misconduct against one another—including, for example, that they have misappropriated Reveal Lasers' corporate funds for their own use and may soon be arrested by the police and/or FBI—with the end result being that all counsel currently representing all of the original defendants (including Reveal LTD, Reveal LLC, Daley, and Chambers) have now sought to completely withdraw from the action. *See generally* Dkts. 702, 704, 708, and 710.[2] One such counsel—Madison Dini of Michelman & Robinson—has also asked the Court to delay ruling on Cynosure's Emergency Motion until each of the original defendants retains new counsel. Dkt. 709. But none of these defendants have identified (either on the record or in communications between the parties) the new counsel that will represent them in the remaining proceedings in the action, and, in fact, Eyal Buchbinder (the CEO of Reveal LLC and Reveal LTD) has claimed in unsolicited correspondence with Cynosure's counsel that Reveal now intends to represent itself in the litigation, which of course, as a legal matter, it cannot do because a corporation cannot be represented *pro se* and Buchbinder is not a lawyer. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.") (citing cases); *see also* Local Rule 83.5.5(c).[3]

---

[2] These same underlying allegations of misconduct and misappropriation and/or misuse of funds are also largely what necessitated Cynosure's filing of the Emergency Motion in the first place. *See generally* Dkt. 706.

[3] Local Rule 83.5.5(c) provides: "A corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear *pro se*. An individual officer, director, partner, member, trustee, administrator, or executor may not appear on behalf of an entity; provided, however, that if such an individual is also an attorney who is otherwise permitted to practice in this court, the attorney may represent the entity if the representation is

As a result, Michelman & Robinson's request is tantamount to a request to indefinitely delay entry of judgment and resolution of the Emergency Motion to safeguard Cynosure's interest in the forthcoming judgment, which is necessary to protect against unlawful attempts by Defendants to move or transfer their assets. This request for delay *ad infinitum* is particularly concerning given Ms. Dini's attempt to keep almost all of the papers related to the Emergency Motion and her own motion to withdraw under seal by insisting that she be allowed to litigate this case via *ex parte* communications and "sealed" emails to the court clerk on a shadow docket on the basis of meritless claims that any papers relating to her withdrawal implicates the attorney-client privilege. However, as Cynosure now knows, Ms. Dini was attempting to "seal" clearly non-privileged matters, such as Daley and Chambers's **publicly filed** complaints against Reveal Lasers and a complaint letter to law enforcement regarding the conduct of Daley and Chambers (and other former Reveal officers and counsel). Ms. Dini is plainly not concerned with protecting privilege—she simply does not want a record of her actions and has tried to enlist the Court to help her sweep her own client's allegations about her misconduct under the rug.

In short, because successor counsel has not appeared, all of the attorneys at Michelman & Robinson, Greenburg Traurig, and Wolf, Greenfield, & Sacks are still counsel of record for the original defendants unless and until the Court grants them leave to withdraw. Local Rule 83.5.2(c). And while Cynosure understands from their filings that defense counsel allegedly have not been paid by defendants, as a practical matter, there is no more substantive work that needs to be done by defense counsel to allow the Court to issue its opinion on the Chapter 93A motion and enter judgment. There is no reason why defense counsel cannot remain in the case until either successor counsel has appeared or judgment is entered and the case is closed, whichever comes first.

---

otherwise appropriate under the circumstances. The court may strike any pleading filed on behalf of any entity that purports to appear *pro se*."

Whatever the truth may be that led to such a breakdown between Defendants and defense counsel, it would simply offend all notions of fundamental fairness to allow Defendants and/or defense counsel's alleged acts of misconduct to further delay Cynosure's right to finally resolve this longstanding litigation at the eleventh hour. For that reason, Cynosure opposes the motions to withdraw.

March 4, 2025

    Respectfully submitted,

    CYNOSURE, LLC
    LOTUS PARENT, INC.
    By their attorneys,

    */s/ Joseph Farris*
    Dipanwita Deb Amar
    Joseph Farris
    Matthew Diton
    ARNOLD & PORTER KAYE SCHOLER LLP
    3 Embarcadero Center, 10th Floor
    San Francisco, California 94111
    dipanwita.amar@arnoldporter.com
    joseph.farris@arnoldporter.com
    matthew.diton@arnoldporter-.com
    T: +1 415.471.3100
    F: +1 415.471.3400
    *Admitted Pro Hac Vice*

    Joshua S. Barlow (SBN: 667472)
    Fred A. Kelly Jr. (SBN: 544046)
    ARNOLD & PORTER KAYE SCHOLER LLP
    200 Clarendon Street, 53rd Floor
    Boston, MA 02116
    Joshua.barlow@arnoldporter.com
    Fred.kelly@arnoldporter.com
    T: +1 617.351.8050
    F: +1 627.226.9199

## **CERTIFICATE OF SERVICE**

      I, Joseph Farris, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 4, 2025.

                                                */s/ Joseph Farris*
                                                Joseph Farris