UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, a Delaware limited liability company; and LOTUS PARENT, INC., a Delaware corporation;<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL LASERS LLC; a Nevada limited liability company, et al.<br><br>Defendants. | Civil Action No. 1:22-cv-11176-PBS |

**MOTION TO SEAL PLAINTIFFS' EMERGENCY MOTION FOR ACCOUNTING AND TO PREVENT THE DISSIPATION OF ASSETS**

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rules 5.4(g)(1)(A), 7.2 and 83.6.11(b)(2) and (4) of the United States District Court for the District of Massachusetts, as well as the Court's Standing Procedural Civil Order re: Sealing Court Documents (May 15, 2015), Madison Dini of the law firm of Michelman & Robinson, LLP ("M&R") respectfully requests that the Court seal Plaintiffs' Emergency Motion for Accounting and to Prevent the Dissipation of Assets (Including Prejudgment Attachment) [Dkt. 706] along with the corresponding Declarations of Dipanwita Amar [Dkt. 706-1] and Nadav Tomer [Dkt. 706-2] (collectively, "Plaintiffs' Motion"). In support thereof, M&R and Defendants show the Court as follows:

1. On February 2, 2025, Plaintiffs Cynosure, LLC and Lotus Parent, Inc. (collectively, "Plaintiffs" or "Cynosure") served the Defendants, and the Court, with Plaintiffs' Motion. Therein, Plaintiffs recite a variety of statements and allegations, which Plaintiffs conceded that "Cynosure has no way of knowing" whether the allegations contained therein are true. Notwithstanding the foregoing, Cynosure nevertheless relies upon these allegations to seek relief and, worse yet, seeks to enter these statements into the public record.

1

2.      In short, based on the content and allegations relied upon by Plaintiffs in their motion, and without accepting or addressing the merits or accuracy of the same at this stage[1], M&R moves to seal Plaintiffs' Motion because it implicates the privacy rights of the undersigned counsel and should be kept confidential to avoid potentially causing undue embarrassment, harassment, or irreparable reputational harm that may result if the statements recounted therein become a part of the public record. *See* Declaration of A. Madison Dini, attached hereto as Exhibit 1; *see also U.S. v. Kravetz*, 706 F.3d 47, 62-64 (1st Cir. 2013) (listing personal privacy and other interests that mandate against disclosure when they cause irreparable harm); *see also In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) ("Courts have exercised their discretion under the common law to abrogate the right of public access where doing so was necessary to prevent judicial records from being 'used to gratify private spite or promote public scandal.'") (quoting *In re Caswell*, 18 R.I. 835, 29 A. 259 (1893)).

3.      The Federal Rules of Civil Procedure allow a court, for good cause, to shield the disclosure of confidential information from the public record. *See* Fed. R. Civ. P. 26(c). There is a presumed right of access to civil trial proceedings, but the First Circuit has recognized that this access is limited. *Kravetz*, 706 F.3d at 55; *see also Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("Though the public's right of access to such materials is vibrant, it is not unfettered.") Accordingly, courts in the First Circuit must "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id*.

4.      The good cause requirement for the sealing of documents is "flexible." *See Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) ("Rule 26(c) is highly

---

[1] Defendants' counsel's current actual conflict prevents counsel from asserting any substantive position.

flexible, having been designed to accommodate all relevant interests as they arise … [T]he 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case.") (citing *United States v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999). In finding good cause under this flexible standard, the Court should consider a balance of interests, including the moving party's privacy interests. *Gill*, 399 F.3d at 401 ("In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced.")

5.      Here, without addressing the merits or accuracy of the allegations at this stage, providing public access to Plaintiffs' Motion, in which they admit they have "no way of knowing" if such allegations are true, could potentially cause the undersigned counsel to suffer unwarranted, embarrassment, harassment, and/or irreparable reputational harm. As such, the potential for harm significantly outweighs the public's interest in accessing court documents. *See e.g. Kravetz*, 706 F.3d at 62 ("[P]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records.") (citing *F.T.C. v. Standard Fin. Mgmt. Corp.*, 730 F.2d 404, 411 (1st Cir. 1987)).

6.      Additionally, Defendants respectfully request that the Court seal Plaintiffs' Motion because it contains statements protected by the attorney-client privilege and work product doctrine. Cynosure contends that a representative for Reveal Lasers, Ltd. waived the attorney-client privilege 'on the matter' attempting to leave the remaining Defendants without an ability to assert their own privilege rights. However, "[i]t is well established, as the defendants argue, that [one defendant's] unilateral production of the Privileged Documents alone was insufficient to effectuate waiver on behalf of [the other defendants]." *Hache v. AIG Claims, Inc.*, 607 F.Supp.3d 100, 112 (D. Mass. 2022); *see also ZVI Constr. Co. LLC v. Levy*, 90 Mass. App. Ct. 412, 424-25, 60 N.E.3d

3

368, 378 (2016) (following prevailing authority to conclude that in "common interest or joint defense agreement, all of the clients must waive the attorney-client privilege for a waiver to occur."); *Magnetar Tech. Corp. v. Six Flags Theme Park Inc.*, 886 F.Supp.2d 466, 483 (D. Del. 2012) ("A waiver of joint privilege can only occur with the consent of all parties of the joint representation.").

7. Here, Plaintiffs seek to introduce to the public, information, albeit unverified, that would tend to divulge discussions and other strategies which, worse yet, contain Cynosure's counsel's inappropriate, and unnecessary, vitriol against counsel. Such discussions, upon which Cynosure's comments are premised, remain covered by the attorney-client privilege and work product doctrine that equally protects all Defendants engaged in the joint representation.. *See Hache*, 607 F.Supp.3d at 113 ("once the defendants learned of [the other defendant's] production of Privileged Documents to a current adversary…it was incumbent upon the defendants to make reasonable efforts to protect the confidentiality of the disclosed information."). Accordingly, Defendants request that the Court seal Plaintiffs' Motion. *See Jean-Pierre v. J&L Cable TV Servs. Inc.*, No. 1:18-CV-11499, 2021 WL 6773087, at *1 (D. Mass. June 28, 2021) ("A party may properly seek sealing to prevent…placing its attorney-client privileged information in the public domain."). Plaintiffs' counsel also needs to consult applicable ethical rules governing their receipt of privileged information.

8. In light of the foregoing, good cause exists for Plaintiffs' Motion to be filed under seal until further order of the Court.

9. In accordance with Local Rule 7.1, the undersigned counsel conferred with counsel for Plaintiffs and they do not assent to this motion.

## CONCLUSION

For the reasons set forth herein, undersigned counsel and Defendants respectfully request that the Court seal Plaintiffs' Motion and that the Order sealing Plaintiffs' Motion be lifted only upon further order of the Court, and that the sealed documents be kept in the Clerk's nonpublic information file during any post-impoundment period.

Dated: March 6, 2025.                           Respectfully Submitted,

/s/ A. Madison Dini
A. Madison Dini (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
717 Texas Avenue, Suite 3100
Houston, Texas 77002
Telephone: (713) 422-2121
Facsimile: (713) 383-6151
mdini@mrllp.com

Enrico S. Trevisani (admitted *pro hac vice*)
MICHELMAN & ROBINSON, LLP
605 Third Avenue, 30th Floor
New York, New York 10158
Telephone: (212) 730-7700
Facsimile: (212) 730-7725
etrevisani@mrllp.com

## CERTIFICATE OF SERVICE

I, A. Madison Dini, hereby certify that on March 6, 2025 a copy of the foregoing document was served on counsel for all appearing parties via the ECF filing system.

/s/ A. Madison Dini
A. Madison Dini