**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| CYNOSURE, LLC, et al.; | |
| *Plaintiffs*, | |
| v. | Case No. 1:22-cv-11176-PBS |
| REVEAL LASERS LLC., et al.; | |
| *Defendants*. | |

**DEFENDANT ROBERT DALEY'S SUBMISSION PURSUANT**
**TO THE COURT'S AUGUST 7, 2025 ORDER (DKT NO. 732)**

Defendant Robert Daley ("Daley") hereby respectfully responds to the Court's August 7, 2025 Order. Daley objects to entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) because (a) entry of such judgment would not result in finality given that the Chapter 93A claim is inextricably linked with the unresolved claims and (b) because of the risk of piecemeal and fragmented appeals that would hinder judicial efficiency. Daley takes no position on the import of the remaining claims against all other Defendants.

**A.  Entry of partial final judgment would not produce the requisite finality.**

A district court's analysis of whether to direct entry of final judgment "as to one or more, but fewer than all, claims or parties" requires an "express determin[ation] that there is no just reason for delay." Fed. R. Civ. P. 54(b). Such review comprises two steps: First, "whether the judgment has the requisite aspects of finality" (*see Spiegel v. Trustees of Tufts Coll*., 843 F.2d 38, 43 (1st Cir. 1988), and second, assessment of "any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and [] any equities and efficiencies implicated by . . . [any] piecemeal [appellate] review." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd*., 78 F.3d 698, 706 (1st Cir. 1996). The First Circuit has cautioned that:

> In its critical role as a Rule 54(b) "dispatcher" . . . the district court is to consider the strong judicial policy disfavoring piecemeal appellate review . . . by carefully comparing the dismissed and the unadjudicated claims for indications of substantial overlap—to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact to the detriment of judicial efficiency.

*See Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 487 (1st Cir. 1993).

Here, while partial final judgment would resolve the Chapter 93A claims against all defendants in the case, there is significant entwinement of legal and factual issues with the unresolved claims. To take but one obvious example, Cynosure's Amended Complaint (Dkt. No. 63) alleges in support of several of its unresolved claims[1] that the Former Employee defendants engaged in conduct that "was oppressive, malicious, and fraudulent." *See* Amended Complaint, ¶¶ 165, 172, 182, 191, 200. Evidence of conduct fitting that description will necessarily overlap—if it is not identical to—the evidence that the Court found met the standard for "unfair or deceptive" under Chapter 93A. In other words, the factual core of the one resolved 93A claim and the several unresolved claims is the same.

**B. Entry of partial final judgment would lead to piecemeal appeals that compromise judicial efficiency.**

The undeniable factual and legal overlap among the 93A claim and the unresolved claims raises the likelihood of "piecemeal" appeals—that is, appeals which address common legal or factual issues but which are made and adjudicated on different timelines. For instance, one can easily imagine an appeal on the same evidentiary issue that involves both the 93A claim and one or more of the unresolved claims. It would be a waste of the appellate court's resources—not to

---

[1] Including its claims for Breach of Loyalty (Count IV), Breach of Fiduciary Duty (Count V), Conspiracy (Count VII), Tortious Interference with Contractual Relations (Count IX), and Tortious Interference with Prospective Business Relations (Count X).

mention the parties'—for that issue to be appealed twice because the judgments were entered at separate times.

"[E]ven when concerns about piecemeal litigation are at a minimum because there is little risk of competing and overlapping judgments on merits issues"—which is surely not the case here— "a party seeking entry of partial final judgment must establish a compelling reason for accelerated appellate review." *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 29 (1st Cir. 2022). Such reason may be a "pressing, exceptional need for immediate appellate intervention, or grave injustice of the sort remediable only by allowing an appeal to be taken forthwith, or dire hardship of a unique kind." *Id*. An example, which the First Circuit found to be adequate in the *Amyndas* case, is a contractual forum selection clause that mandates certain claims to be litigated in a court located abroad. Through Judge Selya, the First Circuit explained that "[i]f the forum-selection clause does not require resort to [the foreign] venue, the parties ought to know that fact sooner rather than later," so accelerated appellate review was appropriate. *See id*. No such issue is present here.

Daley respectfully reserves the right to further object to any partial final judgment that may be entered. If the Court does enter a partial final judgment, Daley intends to separately request a waiver from any appeal bond that the Court may require pursuant to Federal Rule of Appellate Procedure 7.

> Respectfully submitted,
>
> Defendant Robert Daley,
> By his attorney:

/s/ *Eric G. Penley*
Eric G. Penley (BBO No. 678920)
RS LAW LLP
401 Edgewater Place, Suite 630
Wakefield, MA 01880
P: (781) 486-6249
epenley@rslawma.com

---

## CERTIFICATE OF SERVICE

I, Eric G. Penley, hereby certify that I filed the above document via the Court's CM/ECF system, which provides service upon all registered participants, on this 21st day of August 2025. I further certify that this document will be served electronically via email upon Christopher Chambers, Cory Murrell, Brogan Bair-Chambers, Josh Smith, Mike Russo, Kyle Shapero, Jason Kalso, David Krueger, Dean Fiacco, Bobby Fiacco, Daniel Demarco, Reveal Lasers LLC, and Reveal Lasers LTD.

/s/ *Eric G. Penley*
Eric G. Penley (BBO No. 678920)
RS LAW LLP
401 Edgewater Place, Suite 630
Wakefield, MA 01880
P: (781) 486-6249
epenley@rslawma.com