UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL LASERS LLC., et al.;<br><br>Defendants. | Civil Action No. 1:22-CV-11176-PBS |

### CYNOSURE'S STATUS REPORT AND [PROPOSED] PARTIAL FINAL JUDGMENT

In response to the Court's request at the September 26, 2025 Status Conference (Dkt. 737), Cynosure files this status report to notify the Court it does not believe that Court-sponsored ADR will be beneficial at this time. Cynosure remains willing to have private settlement discussions with any remaining defendant who wishes to contact Cynosure's counsel.

Cynosure therefore respectfully requests that the Court proceed to enter Partial Final Judgment under Fed. R. Civ. P. 54(b). Cynosure's proposed Partial Final Judgment is attached hereto as Exhibit A.

At the Status Conference, Defendant Robert Daley's counsel stated an intent to file a request to have the Court waive or reduce the bond required to stay execution of the judgment upon appeal as to Mr. Daley. *See* Fed. R. Civ. P. 62. Although district courts may stay execution of a judgment without requiring a bond (or by reducing the amount of the bond set by Local Rule 62.2), "[t]he power of the court to waive the supersedeas bond requirement should be exercised only in '***extraordinary circumstances***.'" *Cognitive Edge Pte Ltd. v. Code Genesys, LLC*, No. 1:19-cv-12123-IT, 2021 WL 4477434, at *5 (D. Mass. Sept. 30, 2021) (citing *Sharp v. Hylas*

*Yachts, Inc.*, No. 11-11814-JCB, 2016 WL 10650700, at *2 (D. Mass. Nov. 7, 2016)) (emphasis added).  This is because the purpose of a supersedeas bond is to "protect the interest of the ***creditor's*** right under judgment during the pendency of appeal." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) (emphasis added).  Importantly, a defendant bears the burden to show such extraordinary circumstances exist and "the debtor's ***financial insecurity alone is not*** a reason to waive the bond" within the proper discretion of the Court.  *Cognitive Edge*, 2021 WL 4477434 at *5 (emphasis added).  Accordingly, should any Trial Defendant file such a request after Partial Final Judgment is entered and attempt to meet the standard required by Fed. R. Civ. P. 62, Cynosure intends to file an opposition.

October 3, 2025

                                               Respectfully submitted,

                                               CYNOSURE, LLC
                                               LOTUS PARENT, INC.
                                               By their attorneys,

                                               */s/ Dipanwita Deb Amar*
                                               Dipanwita Deb Amar
                                               Joseph Farris
                                               Matthew Diton
                                               ARNOLD & PORTER KAYE SCHOLER LLP
                                               3 Embarcadero Center, 10th Floor
                                               San Francisco, California 94111
                                               dipanwita.amar@arnoldporter.com
                                               joseph.farris@arnoldporter.com
                                               matthew.diton@arnoldporter-.com
                                               T: +1 415.471.3100
                                               F: +1 415.471.3400
                                               *Admitted Pro Hac Vice*

                                               Joshua S. Barlow (SBN: 667472)
                                               Fred A. Kelly Jr. (SBN: 544046)
                                               ARNOLD & PORTER KAYE SCHOLER LLP
                                               200 Clarendon Street, 53rd Floor

Boston, MA 02116  
Joshua.barlow@arnoldporter.com  
Fred.kelly@arnoldporter.com  
T: +1 617.351.8050  
F: +1 627.226.9199

## CERTIFICATE OF SERVICE

  I, Dipanwita Deb Amar, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper and/or electronic copies will be sent to those indicated as non-registered participants on October 3, 2025.

                */s/ Dipanwita Deb Amar*
                Dipanwita Deb Amar

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNOSURE, LLC, et al.;<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>REVEAL LASERS LLC., et al.;<br><br>　　　　　　Defendants. | Civil Action No. 1:22-CV-11176-PBS |

**[PROPOSED] PARTIAL FINAL JUDGMENT**

　　　This action came before the Court for a jury trial and the issues have been tried. The jury has rendered its verdict (Dkt. 646) and the Court has issued a detailed, post-trial opinion (Dkt. 732) regarding Plaintiffs Lotus Parent, Inc. and Cynosure, LLC's (collectively, "Cynosure") motion for a finding on its Chapter 93A claims.

　　　Pursuant to Federal Rule of Civil Procedure 54(b), the Court has determined that there is no just reason for delay and enters judgment on fewer than all the claims and against fewer than all the defendants as set forth below. For the avoidance of doubt, it is not the Court's intent to address Cynosure's entitlement to costs or attorneys' fees at this time. Although the Court has already determined that Cynosure is partially entitled to costs and attorneys' fees (as described more fully in Dkt. 732), for purposes of efficiency, the Court intends to consider the issue of the amount of the costs and attorneys' fees at a later time. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), this order is deemed an order of the Court enlarging the time to file motions for awards of attorneys' fees until the time that the Court issues a supplemental order setting a deadline for such a motion.

The Court enters judgment against Defendants Reveal Lasers, Ltd., Reveal Lasers LLC (collectively, with Reveal Lasers, Ltd., "Reveal"), Robert Daley, and Christopher Chambers (collectively, with Reveal and Daley, the "Trial Defendants") as follows:

1. Judgment is hereby entered in favor of Cynosure against the Trial Defendants on the following claims:

   A. Against Robert Daley and Christopher Chambers for Breach of Contract;

   B. Against all Trial Defendants for Tortious Interference with Contractual Relations;

   C. Against Robert Daley and Christopher Chambers for Breach of Fiduciary Duty;

   D. Against Robert Daley and Reveal for misappropriation of trade secrets;

   E. Against all Trial Defendants for Conspiracy; and

   F. Against all Trial Defendants for a willful and knowing violation of Mass. Gen. L. ch. 93A ("Chapter 93A").

2. The Trial Defendants are liable to Cynosure in the amount of $30,000,000 in compensatory damages, which represents the $15,000,000 in compensatory damages awarded by the jury and the double damages awarded by the Court pursuant to Chapter 93A (*see* Dkt. 732). Reveal is liable for the entire $30,000,000 damages award. Robert Daley is jointly and severally liable with Reveal for $10,000,000 of the $30,000,000 total damages award. Christopher Chambers is jointly and severally liable with Reveal for an additional $10,000,000 of the $30,000,000 total damages award

3. Robert Daley is liable to Cynosure for punitive damages in the amount of $225,000.

4. Cynosure is awarded prejudgment interested at a rate of 12% per annum on the $15,000,000 compensatory damages awarded by the jury for the period between the filing of the lawsuit and the date of this order, which is allocated by the Clerk against each Trial Defendant in the following amounts:

   A. Reveal: $_____;

      B.      Robert Daley: $_____; and

      C.      Christopher Chambers: $_____.

Following entry of this Partial Final Judgment, this action shall be stayed against the remaining defendants until the Court lifts the stay following the exhaustion of any appeals by the Trial Defendants.

In accordance with Local Rule 62.2, any Trial Defendant who wishes to stay execution of this Judgment shall post a bond or other security in the amount of the judgment against that particular Trial Defendant, plus 10% of that amount to cover interest and any award of damages for delay plus $500 to cover costs. A bond or other security by one Trial Defendant shall not stay execution of this Judgment against any other Trial Defendant who does not post their own bond or security in accordance with this order.

IT IS SO ORDERED.

DATED: _____   _____
                                                                       Hon. Patti B. Saris
                                                                       United States District Judge